**John Winston PRINCE, Plaintiff-Appellee,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellant.**

**No. 28087.**

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Crawford C. Martin, Atty. Gen. of Tex., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for defendant-appellant.

Barbara S. Benson, Charles E. Benson, Lubbock, Tex., for plaintiff-appellee.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

John Winston Prince, appellee, was convicted of the felony offense of burglary in Scurry County, Texas on November 18, 1959 and was sentenced to life imprisonment. The gravamen of the charge was that Prince broke into the apartment of Ella Mae Andrews in the nighttime with the intent to commit rape. After exhausting state court remedies,[1] Prince initiated this habeas corpus proceeding contending that Negroes were systematically excluded from Scurry County juries and that his trial did not comport with standards of "fundamental fairness" guaranteed by the due process clause of the Fourteenth Amendment.

The latter contention is based on the state court's choice of an interpreter for Ella Mae Andrews who is a deaf-mute. Over appellee's timely objection, the court appointed Ella Mae's husband, Billy Ray Andrews. Appellee alleged in his petition for habeas corpus that prior to his trial Billy Ray had attempted to extort $100 from him on the promise that he, Billy Ray, would stop the burglary prosecution. The district court granted an evidentiary hearing on the due process question only and found ap-

---

1. *See* Prince v. State, 169 Tex.Cr.R. 559, 336 S.W.2d 140 (1960).

pellee's contentions to be true. In granting the appellee's petition for a writ of habeas corpus, the district court stated:

> While ordinarily a husband could qualify as an interpreter of his wife's testimony to the jury, the use of the husband-interpreter, in this case, deprived petitioner of a fair trial and the unfairness is so fundamental as to deny him due process. The only testimony against petitioner was that of the wife against whom he was alleged to have committed the offense of burglary with intent to commit rape, an offense which would naturally excite the emotions of the husband. Also, the husband, who was used as the interpreter, offered to call off the prosecution if someone would pay him $100.00. His interest in the outcome of this suit, and what would be his natural and perhaps compulsive desire to see the defendant convicted, gave the husband such a direct and substantial interest in the case as to disqualify him to act as an interpreter. It cannot be said that petitioner was given a fair trial when a husband whose natural emotions and desires would have been to have defendant convicted, and who was also a would-be extortionist, is used to interpret and present the only testimony heard by the jury which was used to convict petitioner. The manner in which the interpreter could have presented such testimony, the inflections of his voice, and his demeanor before the jury, could have easily swayed the jury to the detriment of petitioner's rights. This is corroborated by the record which shows some difficulty in eliciting from the husband the correct and true interpretation of the witness' answers for the jury's consideration. The fact that the trial, and the manner of presenting the evidence, was constitutionally unfair to petitioner, is substantiated by written statements in the record from the presiding judge, sheriff, and some of the jurors, in which they, as first-hand observers, indicated their dissatisfaction on this particular point.[2]

We are in complete agreement with the district court.

While the choice of a husband to interpret for a wife would normally be, at most, an abuse of the trial court's discretion,[3] Billy Ray's appointment under

---

2. With respect to the doubts of the trial judge, the sheriff and six of the jurors, the district court found as follows:

   4. Subsequent to the time of trial, the trial judge wrote a letter to the Texas Board of Pardons and Paroles recommending commutation of the sentence and stating in part as follows:
   "3. The Defendant was convicted on the testimony of Ella Mae Andrews, the deaf and dumb prosecuting witness, given through her alleged husband, Billy Rae Andrews, acting as an interpreter. It was not made clear at the trial whether or not he was given a correct interpretation of her testimony, or giving his own testimony in the case. Although he testified that he and the prosecuting witness were legally married at the time the offense was alleged to have been committed, it has now been shown that he was not telling the truth about the marriage.
   "I have never been completely satisfied with the results of this trial and believe that Justice (sic) will be served by the granting of the commutation requested herein.
   "Earl Abercrombie (sic), who was Sheriff at the time of the trial and is the present Sheriff, joins me in this request.
   "Yours truly,
   /s/ Sterling Williams
   Judge, 132nd Judicial District of Texas, Scurry County, Texas.
   /s/ Earl Abercrombie
   Sheriff, Scurry County, Texas."
   5. Subsquent to the time of trial, six members of the jury wrote letters to the trial judge expressing dissatisfaction with the severity of the sentence in the light of the use of the husband of the prosecuting witness as her interpreter.

3. See Hardin v. United States, 324 F.2d 553 (5th Cir. 1963) ; United States v. Sosa, 379 F.2d 525 (7th Cir. 1967) : See also, Peoples National Bank of Green-

the facts of the instant case passes "the line of tolerable imperfection and fall[s] into the field of fundamental unfairness."[4] Disregarding the extortion attempt which was unknown to the court, prosecution or defense counsel during Prince's trial, we cannot approve the action of the state trial court in permitting the husband to interpret for his wife in the criminal trial of her alleged assailant. One can imagine few situations in which there would be a greater potential for bias by an interpreter. The trial court's appointment injected an intensely interested party into the center of an emotion-packed criminal trial to interpret the testimony of the only witness to the alleged offense. This conduct is intolerable. Furthermore, the tremendous potential for bias and prejudice inherent in such an appointment is substantially enhanced by the extortion attempt.

In defending the state court's appointment, the appellant cites several cases which discuss the qualifications of interpreters. Each of these is factually distinguishable from the instant case. The decision bearing the closest factual resemblance to the present case is Almon v. State,[5] where a mother was permitted to serve as interpreter for her tongue-tied daughter, the victim of an alleged rape. The Alabama Court of Appeals held that appointment of the mother did not constitute error because the victim "could not be understood by any one not familiar with her."[6] Thus, the nature of the victim's speech impediment prevented the court from obtaining a wholly disinterested person. The following comments of the court support our decision in the instant case: "Of course the law contemplates that a fair, impartial, and correct interpretation shall be had, and to this end, a disinterested interpreter should be provided if possible to be secured."[7] It was clearly possible to secure a disinterested interpreter in the instant case. Fundamental fairness requires no less.

The judgment of the district court is affirmed.

ville v. Manos Bros. Inc., 226 S.C. 257, 84 S.E.2d 857, 868–869 (1954).

4. Curran v. Delaware, 259 F.2d 707, 713 (3d Cir. 1958). *See* In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Luna v. Beto, 395 F.2d 35 (5th Cir. 1968). *See also*, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935).

5. 21 Ala.App. 466, 109 So. 371 (1926).

6. *Id.* at 372.

7. *Id.* at 372.