**UNITED STATES, Appellee,**

v.

**Linus P. ROMEY, Private First Class U.S. Army, Appellant.**

No. 63,996.
CM 8900465.

U.S. Court of Military Appeals.

Argued Nov. 29, 1990.
Decided April 11, 1991.

For Appellant: *Captain Robin N. Swope (argued); Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Jeannine C. Hinman, Captain Alan M. Boyd* (on brief).

For Appellee: *Captain Randy V. Cargill (argued); Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Jonathan F. Potter* (on brief); *Christopher A. Sterbenz, Legal Intern.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried by a general court-martial at Fort Ord, California, in February 1989. Contrary to his pleas, the members of this court-martial found him guilty of sodomy with a child under 16 and indecent assault on that same child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 20 years, total forfeitures, and reduction to pay grade E–1. The convening authority approved the sentence. On November 15, 1989, the Court of Military Review affirmed the findings of guilty and the sentence. 29 MJ 795.

This Court granted review on the following questions of law:

I

WHETHER APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WAS DENIED WHEN THE ALLEGED CHILD–VICTIM TESTIFIED THROUGH HER MOTHER AND WAS NOT TRULY AVAILABLE FOR CROSS–EXAMINATION.

II

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY INSTRUCTING ON SENTENCING THAT THE MEMBERS COULD CONSIDER MATTERS IN AGGRAVATION NOT IN EVIDENCE.

We hold that the third-party-whisper procedure used in this case did not violate appellant's constitutional rights. *See generally Maryland v. Craig,* 497 U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); *United States v. Batten,* 31 MJ 205 (CMA 1990). Moreover, the purported error on sentencing, if error at all, was harmless. Art. 59(a), UCMJ, 10 USC § 859(a).

The Court of Military Review found the following facts:

In August of 1988, Mrs. Melanie Romey, mother of the victim, S, discovered blisters around S's anus while teaching her the proper way to bathe. Mrs. Romey immediately brought S to their family doctor, a military physician. The doctor examined the rash, molluscum conta-

giosum, and called a dermatologist to confirm his diagnosis. Because the rash was in the genital area, child abuse was suspected. The doctor asked S if she had been touched by anyone. S responded by saying "No one but daddy."

Appellant was the sole caretaker of his daughter, S (age 8) and son B (age 5), from 1 January through 1 June 1988. For financial reasons, Mrs. Romey worked and lived in Alaska. It was alleged that during this period appellant told his daughter that he would teach her "how not to get pregnant." He forced S to masturbate him until he ejaculated and to perform oral copulation. Appellant inserted his finger in S's vagina and licked her vagina.

At trial, the government called three witnesses, the examining doctor, the victim's mother, and S. The doctor testified in regard to his examination of the rash and S's response, "No one but daddy," to his question, "Has anybody been touching you down there or doing anything?"

S's mother testified as to S's age and that both of her children were living with appellant while she was working in Alaska during the period 1 January through 1 June 1988 (the period of the charged offense).

Prior to S's testimony, trial counsel indicated to the judge that S was reluctant to talk about the charged incidents. S had, in the past, communicated information about the charged offenses by whispering to her mother or a social worker. Another method of communication was for her to draw pictures. It was the trial counsel's opinion that S would not answer directly in court except as to peripheral matters. In an attempt to familiarize her with the courtroom and various participants, S was called and asked questions out of the presence of the court members. The court members then were called and formal questioning began. S answered general questions with little difficulty and identified her father and the place and period of time she lived with her father while her mother was in Alaska. When S was asked,

"What are we going to talk about [today]?" she failed to respond. S responded affirmatively when asked if she would like to talk through her mother by "Sort of whisper[ing] the answer in her [mother's] ear."

The military judge received no response when he asked S if she thought she could answer any questions without her mother but directed trial counsel to try without the mother. The witness again answered some preliminary questions but did not respond when asked "Do you remember what daddy was teaching you?" The military judge, without making a formal finding that S needed assistance, directed, over defense objection, that S's mother be brought in.

Mrs. Romey was seated to the right of her daughter and instructed to repeat only the trial counsel's questions and her daughter's answers "without any other words." Thereafter, Mrs. Romey acted essentially as an interpreter with S whispering her answer to her mother who then gave the answer to the court. Shortly after this method began, Mrs. Romey was sworn as an interpreter by the trial counsel. Essentially all answers related to sodomy or indecent assault were thereafter communicated through the mother. The same procedure was used during cross-examination.

29 MJ at 795–96.

## I

The first granted issue broadly suggests that the presentation of the daughter's direct testimony through the words of her mother violated appellant's Sixth Amendment right to physically confront the witnesses against him. *See generally Coy v. Iowa*, 487 U.S. 1012, 1017, 108 S.Ct. 2798, 2800, 101 L.Ed.2d 857 (1988). It additionally asserts that this testimonial method violated the Sixth Amendment because a witness subjected to it cannot be considered "truly available for cross-examination." *See generally United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). Appellant claims that neither of

these infringements of his Sixth Amendment right to confrontation was justified by any specified finding of public necessity by the judge. *See Maryland v. Craig, supra* at 3169; *Coy v. Iowa, supra* at 1020–21, 108 S.Ct. at 2802–03. Finally, he asserts that the child's testimony presented in this form was inadmissible hearsay which did not meet the Sixth Amendment standards of unavailability required for admission of such evidence at a criminal trial. *See Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980); *United States v. Ferdinand,* 29 MJ 164 (CMA 1989), *cert. denied,* — U.S. —, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990).[1]

The defense brief somewhat expands upon this granted issue and raises Fifth Amendment objections to the third-party-whisper procedure. Counsel contends that it was fundamentally unfair to permit the victim's mother, who he asserts may have been biased in her child's favor, to perform the function of interpreter. *See generally Prince v. Beto,* 426 F.2d 875 (5th Cir.1970). Also, he asserts that appellant was denied due process of law because the mother's actions as an interpreter in this case unfairly bolstered the child's testimony against him. *See State v. Suka,* 70 Haw. 472, 777 P.2d 240 (1989).

■ The first question before us is whether the third-party-whisper procedure employed in this case constituted a face-to-face meeting of appellant with his child accuser before the trier of fact as contemplated by the Sixth Amendment. *See generally Coy v. Iowa, supra* at 1016, 108 S.Ct. at 2800. The Supreme Court has construed the confrontation language of the Sixth Amendment literally, and we see no reason to depart from this precedent in this case. Here, portions of the child-victim's testimony were heard only by her mother. To this extent, her testimony was not physically before appellant or the members of the court. *Id.*

Of course, it is well established that the Sixth Amendment does not absolutely entitle an accused in a criminal trial to a face-to-face meeting with every witness against him. An accused's rights in this regard may be satisfied if there was an adequate showing of necessity for an alternate method of testimonial presentation and the reliability of such testimony is otherwise assured. *See generally Maryland v. Craig, supra* at 3166; *Coy v. Iowa, supra* at 1020–21, 108 S.Ct. at 2802–03; *United States v. Batten,* 31 MJ at 210–11; and *United States v. Thompson,* 31 MJ 168, 173 (CMA 1990).

The judge impliedly made a necessity finding in this case. He did so on the basis of the uncontroverted representations of trial counsel concerning the child witness' prior responses at the investigation under Article 32, UCMJ, 10 USC § 832, in this case and his pretrial discussions with this same witness. The judge also personally observed the witness' refusal to answer particular questions at an Article 39(a), UCMJ, 10 USC § 839(a), session at this court-martial in the presence of appellant. In this context, we find necessity was established by the prosecution, so no physical-confrontation violation occurred in employing this procedure. *See generally Maryland v. Craig, supra* 110 S.Ct. at 3169.

■ Appellant's suggestion that the interpreter's bias rendered this testimony otherwise unreliable must also be rejected. *See generally State v. Van Pham,* 234 Kan. 649, 675 P.2d 848 (1984). First, Mrs. Romey was not an eye witness to the charged offenses, and she did not provide any substantive testimony for the Government against her husband. In fact she testified for the defense on sentencing. *State v. McLellan,* 56 N.C.App. 101, 286 S.E.2d 873, 875 (1982); *Green v. State,* 260 A.2d 706 (Del.1969).[2] Second, there was no

---

1. No authority is cited by appellant for this argument. *Contra* 2 Wharton's *Criminal Evidence* § 375 at 500 (C. Tortia 14th ed.1986).

2. We find that the record does not reflect an adequate effort to secure a more neutral party in this case. Such error we hold was harmless for the reasons stated in the text. *See State v. Givens,* 719 S.W.2d 25, 27 (Mo.App.1986).

evidence that Mrs. Romey engaged in any extortious conduct toward her husband at this court-martial or outside of it. *Cf. Prince v. Beto, supra,* 426 F.2d 875. Third, there was no particular challenge made at trial to the accuracy of her repetitions of the child's testimony. *State v. McLellan, supra* at 876. Fourth, she took the oath required for a somewhat analogous court-martial interpreter and twice was told by the judge to repeat only what the child said. Finally, Mrs. Romey's responses were largely cumulative of the responses which the child eventually managed to make at this trial without use of the interpreter procedure. We find no unreliability or true unavailability for cross-examination or denial of due process in this context. *See generally People v. Vandiver,* 127 Ill.App.3d 63, 82 Ill.Dec. 192, 196, 468 N.E.2d 454, 458 (1984); *People v. Spencer,* 119 Ill.App.3d 971, 75 Ill. Dec. 479, 484–85, 457 N.E.2d 473, 478–79 (1983).

■ Appellant's Fifth Amendment claim of unfair bolstering we also find most unpersuasive in this case. *See also Coy v. Iowa, supra* 487 U.S. at 1015, 108 S.Ct. at 2799–2800. The alleged victim was an 8–year–old girl, and limited testimonial assistance was provided to her by her mother. *Cf. State v. Suka,* 777 P.2d at 242 n.1. The mother herself did not provide any critical testimony against her husband at this trial since she acknowledged her absence from the home during the period the alleged crimes occurred. *See Baxter v. State,* 522 N.E.2d 362, 365 (Ind.1988). Finally, the need for the mother's assistance was apparent on the face of the record, and it was accomplished in a neutral fashion. *See Ricketts v. State,* 498 N.E.2d 1222, 1223 (Ind.1986). In these circumstances we perceive no reasonable possibility that the mother's participation in this process could be viewed as an endorsement of the daughter's story or her credibility.

## II

■ The second granted issue in this case concerns the judge's decision to give the following instruction on sentencing:

In selecting a sentence, you should consider all matters in extenuation and mitigation as well as those in aggravation, whether introduced before or after the findings. In particular, I call your attention to the testimony of two witnesses before findings, Sergeant Matthews and Captain Morgan, as to the accused's good soldierly abilities and you should certainly consider that. In addition, you have the accused's 2A and 2–1 forms and you should carefully consider all the matters on those two forms. *In addition, in aggravation, you should consider the nature and extent of injuries, whether physical or mental, psychological, that is suffered by the victim in this case.*

(Emphasis added.) Defense counsel objected to this instruction after it was given by the judge. He asserted that no evidence of physical, mental, or psychological damage to the victim was admitted at this trial. Trial counsel disagreed and said, "[Y]ou don't have to be a brain surgeon to know that any child that has been abused is going to have some type of emotional scarring ... both now and for the rest of her life and I think the jury can draw on their common sense and experience...."

■ In resolving this question, we first note that the instruction is phrased in the alternative, and it was not necessary that physical and mental and psychological damage all be evidenced. In this light, the obvious problems of the child in testifying in this case could reasonably be considered as some circumstantial evidence that she was mentally or psychologically affected by these offenses. *See generally* Mil.R. Evid. 401 and 402, Manual for Courts–Martial, United States, 1984. While expert testimony would have been more appropriate on this issue, these matters need not be ignored by the members in reaching an appropriate sentence. *See* RCM 1001(f)(2)(B), Manual, *supra. See also* Mil. R.Evid. 701. In any event, the challenged instruction was general in nature and was

virtually unexploited by the prosecution.[3] In this context, a finding of substantial prejudice cannot be substantiated. Art. 59(a). *See United States v. Fontenot,* 29 MJ 244, 252 (CMA 1989).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.

---

3. "It's the Government's position that these offenses, the memory of these acts that he did to her will stay with her for a very, very long time, more likely than not until she goes to her grave."