UNITED STATES, Appellee,

v.

Sergeant Ralph W. WILLIAMS, 233–92–1685, United States Army, Appellant.

ACMR 9000540.

U.S. Army Court of Military Review.

18 Sept. 1991.

For Appellant: Captain Emmett G. Wells, JAGC (argued), Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Major Paul E. Jordan, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSTON, Judge:

Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial of attempted sodomy upon a child, two specifications of rape, sodomy upon a child, and two specifications of indecent acts with a child, in violation of Articles 80, 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925, and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to Private E1.

The charges in this case resulted from the appellant's conduct from 1987 to 1989 with his two young daughters who were ages ten and eleven at the time of trial. His reprehensible acts include raping the girls in their bedrooms, attempting to force one of them to sodomize him, fondling one of them in the family kitchen after a New Year's party, and masturbating in front of them in the family bathroom. The appellant admitted to criminal investigators that he fondled his daughter's vagina after the party, but either denied or claimed not to remember the other alleged misconduct.

At trial the military judge denied the Government's request to allow the girls to testify by a two-way video system or from behind a screen that would prevent them from seeing their father. One of the girls testified from the normal witness chair while the other girl testified from a special witness chair in the center of the courtroom.

Appellant contends that his constitutional right to be face-to-face and eye-to-eye with his daughter was violated when the military judge failed to enter a specific finding of necessity and allowed her to testify from a special witness chair about his numerous sexual attacks.[1] We disagree.

I.

■ The confrontation clause of the sixth amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witness against him." U.S. Const., amend VI. The Supreme Court has held that the confrontation clause does not guarantee criminal defendants the absolute right to a face-to-face meeting at trial with the witnesses against them. *Maryland v. Craig*, — U.S. ——, 110 S.Ct. 3157, 3159, 111 L.Ed.2d 666 (1990). The opinions of the Supreme Court have clearly established that the preference for face-to-face confrontation at trial must occasionally give way to considerations of public policy and the necessities of the case. *Id.; Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

In *Maryland v. Craig*, the Supreme Court concluded that the public policy interests in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh a defendant's right to face his or her accusers in court. The Supreme Court in *Craig* stated that "[t]he combined effect of these elements of confrontation—physical presence, oath, cross-examination, and *observation of demeanor by the trier of fact*—serves the purposes of the confrontation clause by

---

1. At the time of trial the United States Supreme Court had not yet decided in *Maryland v. Craig*, — U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), that a defendant's right to confront a witness must yield under some circumstances to the welfare of the child-accuser.

ensuring that evidence admitted against an accused is reliable and subjected to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings." 110 S.Ct. at 3163. [Emphasis added].

A trial judge has wide latitude in ensuring that constitutional rights are protected in the context of the necessities of trial and the adversary process. For example, a judge may preclude testimony of a surprise defense witness without violating the right to compulsory process. *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). He may also prevent a testifying defendant from conferring with counsel during a short break in testimony without violating the right to effective assistance of counsel. *Perry v. Leeke*, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). Likewise, a trial judge does not violate the right of a defendant to be present at trial and confront his accusers when he is ordered removed for disruptive behavior. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The trial judge also may allow a child-abuse victim to whisper answers to an adult "interpreter" on the basis of an implied finding of necessity without violating the accused's right to confrontation. *United States v. Romey*, 32 M.J. 180 (C.M.A.1991).

In this case the military judge acted properly and did not abuse his discretion in balancing the competing interests of the confrontation clause with the public interest of protecting the child victims of sexual abuse. Prior to the ruling, he considered the testimony of a psychologist who specialized in child abuse and the opinions of a psychiatrist and therapist regarding the children's ability to testify in the presence of the appellant. After considering this evidence, he rejected the trial counsel's request to allow either a two-way video presentation or to have the child witnesses testify from behind a screen. *See United States v. Batten*, 31 M.J. 205 (C.M.A.1990).

He allowed the ten-year-old child witness to testify from the witness stand. The other child, age 11, testified from a chair facing the military judge and the court reporter. Her position allowed the judge to have a better view of her demeanor, and placed her closer to the accused. Later in the proceedings the trial judge repositioned her chair so that the court reporter could better record her testimony. In addition, the judge allowed both defense counsel and the prosecutors to gather around her chair so they could hear her comments and conduct their examinations.

At trial the defense counsel argued that "anything shy of face-to-face confrontation is a denial of the 6th Amendment right" to confrontation. The appellant argues for the first time on appeal that the trial judge failed to make special findings that justified the witness chair arrangement for the second child witness. In our view, however, the seating arrangement for the young girl who testified from the special witness chair in front of the trial judge fully complied with the requirements of the confrontation clause. In addition, the trial judge stated on the record that the seating arrangement would ensure that the child witnesses would be "less inhibited," and the accused would have "direct visual contact with the witness." *See* the courtroom arrangement at the appendix (App.Ex. IX).

While we clearly recognize a preference for a face-to-face confrontation, we are satisfied that the requirements of the confrontation clause may be met so long as the witnesses testify under oath, are cross-examined in the presence of the accused, and the fact-finder has the opportunity to observe their demeanor and assess their credibility. We recognize that even these requirements may have to yield on occasion to considerations of public policy or the necessity of the case.[2] We are confident that the trial judiciary will ensure that their courtrooms are configured in each

**2.** In *United States v. Thompson*, 31 M.J. 168 (C.M.A.1990), *cert. denied* —— U.S. ——, 111 S.Ct. 956, 112 L.Ed.2d 1044 (1991), the Court of Military Appeals approved the use of a special witness chair in the center of the courtroom

where child witnesses testified with their backs to the accused. Both the trial judge and the Air Force Court of Military Review specifically found that the procedure utilized to protect the children was necessary.

particular case to protect the constitutional rights of the military accused and, when appropriate, the welfare of child sex-abuse-victims.

## II.

The appellant also contends that the evidence is insufficient to support a finding of guilt "on divers occasion [sic]" to the attempted sodomy specification of Charge I. We agree that the child witness testified to only one incident of attempted sodomy. We will correct this error in our decretal paragraph.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant contends that his trial defense counsel was ineffective in his handling of the case. Applying the three part inquiry [3] enunciated in *United States v. Polk*, 32 M.J. 150 (C.M.A.1991), to the allegations raised by

the appellant, the sworn statement of his trial defense counsel, and the record of trial, we are satisfied that the appellant received the effective assistance of counsel.

Other allegations raised by the appellant are without merit.

Accordingly, the Court affirms only so much of the finding of guilty of Charge I and its Specification as finds that the appellant did at Fort Campbell, Kentucky, between 31 December 1987 and 31 December 1988, attempt to commit sodomy with his daughter, a child under the age of 16, by trying to place his penis into her mouth. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed.[4]

Senior Judge NAUGHTON and Judge GRAVELLE concur.

---

**3.** The three basic questions to be answered in these cases are:

  a. Are the allegations made by appellant true; and, if they are, is there a reasonable explanation for counsel's actions in the defense of the case?

  b. If the allegations are true, did the level of advocacy fall measurably below the performance ordinarily expected of fallible lawyers?

  c. If ineffective assistance of counsel is found to exist, is there a reasonably probability that, absent the errors, the finder of fact would have had a reasonable doubt respecting guilt? *See Polk* at 153.

**4.** See *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

WITNESS STAND

Judge

Court Rptr

witness chair

SEATS FOR PANEL

DEFENSE COUNSEL

Trial Counsel

CPT CARLOS E. VERGARA, DETAILED DEF. COUNSEL

CPT STEVEN M. WALTERS, ASSOCIATE D.C.

App. Ex. IX