IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-7266

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL BARNARD BALL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Mississippi
_____
(March 24, 1993)

Before GARWOOD and HIGGINBOTHAM, Circuit Judges, and SCHWARTZ[*], District Judge.

PER CURIAM:

Michael Ball appeals his conviction for possession of a stolen United States Treasury check, in violation of 18 U.S.C. §1708. Finding no error, we affirm.

## I.  FACTS

On May 4, 1990, the United States Treasury issued a check in the amount of $963.00 for payment of a federal tax refund due Louis B. Buchanan.  Although the check was mailed to Buchanan's residence

_____

[*] Senior District Judge of the Eastern District of Louisiana, sitting by designation.

1

in Columbus, Mississippi, he never received the check. The Government claims the check was intercepted by Ball, who lived in Buchanan's neighborhood and had access to his mailbox. Ball subsequently attempted to cash the treasury check at a grocery store located in a nearby town. In doing so, Ball enlisted the assistance of Dudley Wriley, a co-worker. Wriley knew the owners of the grocery store, and it was in reliance of this relationship that one of the owners agreed to cash the treasury check despite Ball's failure to present proper identification.

Ball was later charged in a two-count indictment with passing and possessing a stolen United States Treasury check in violation of 18 U.S.C. §§ 510, 1708. A jury found Ball guilty of possessing a stolen treasury check as alleged in count two of the indictment, but was unable to reach a verdict with respect to the passing charge contained in count one.[1]

## II. DISCUSSION

The Government's principal evidence was the testimony of Dudley Wriley. Neither party disputes that Dudley Wriley was deaf, his spoken words unintelligible, or that his wife was appointed and sworn as an interpreter of his speech. Ball, however, asserts that it was improper to appoint an interpreter where, as here, the witness could have responded to counsel's questions through written statements or other unspecified means.

A trial court's decision to appoint an interpreter is reviewed

---

[1] It is with the permission of the district court that Ball has been allowed to bring this out-of-time appeal.

under an abuse of discretion standard.  See United States v. Martinez, 616 F.2d 185, 188 (5th Cir. 1980); Suarez v. United States, 309 F.2d 709, 712 (5th Cir. 1963).  The trial court held a hearing outside the presence of the jury to determine the proper procedure to elicit Dudley Wriley's testimony.  The Government proposed to have Wriley's wife, Ophelia Wriley, act as an interpreter to which Ball objected, but failed to offer an alternative.  Thereafter, the trial court gave the parties an opportunity to question Wriley's wife with respect to her ability and qualifications and the opportunity to test the adequacy of her interpretive skills by allowing counsel from both sides to ask questions of Wriley through his wife.  The trial court found that the long-standing relationship between the witness and his wife allowed the two to communicate with one another freely and then qualified her as an expert pursuant to Federal Rules of Evidence Rules 604 and 702.  The defendant renewed his objection to the use of an interpreter, but he continued to offer no alternative to the Government's proposed method of eliciting the testimony and his objection was overruled.  Under these circumstances, we find the trial court's initial decision to appoint an interpreter to have been within its sound discretion.

Ball next argues that the trial court erred in failing to terminate the questioning of Wriley when it became necessary for his wife to repeat and rephrase questions posed by counsel.  Ball further contends that the trial court erred in allowing Wriley's wife to interject statements outside the scope of her husband's

3

responses to the questions posed. At the trial level, Ball's objection was limited to receiving the testimony through an interpreter and Ball's qualitative objections are raised for the first time on appeal. In the absence of an objection below, we may only reverse the conviction if the trial court's error, if any, rises to the level of plain error. See United States v. King, 505 F.2d 602, 605 (5th Cir. 1974).

It is well established that an interpreter must have no interest in the outcome of a criminal proceeding if he or she is to act in his or her professional capacity during the course of those proceedings. There is, however, no absolute bar against appointing a witness' relative to act as an interpreter when circumstances warrant such an appointment. See United States v. Addonizio, 451 F.2d 49, 68 (3d Cir. 1971), cert. denied, 405 U.S. 936, 92 S.Ct. 949 (1972). Rather, the trial court must take into consideration the unique circumstances of each case including the interpreter's interest and involvement in the case, the necessity of having a family member act as an interpreter, and available alternative modes of testimony. Here, the interpreter's only connection to the defendant was that she was married to a witness at the defendant's trial. Moreover, the nature of the witness's handicap made it necessary for the trial court to appoint someone familiar with the witness and "prevented the court from obtaining a wholly disinterested person." See Prince v. Beto, 426 F.2d 875, 876 (5th Cir. 1970). In the absence of the slightest showing that the interpreter harbored any feelings of malice or prejudice toward the

4

defendant, we find no reason to believe that Mrs. Wriley's interest in the trial's outcome was so prodigious as to pose a threat to the fairness of the proceedings. Id. at 876-77.

Defendant's argument that the interpretation provided by Wriley's wife was of such poor quality as to deprive the defendant of a fair trial and his rights to due process is also without merit. Our review of the record of the proceedings below revealed that the interpreter posed the questions asked to her husband as they were stated to her by counsel and re-phrased those questions only when it was necessary to assist her husband in understanding a particular question. Mrs. Wriley's translation of the defendant's statements were likewise to the point and without superfluous explanation. On the one occasion when Mrs. Wriley interjected a statement that fell outside the scope of her husband's response to a question, she relayed a fact within her personal knowledge that had little, if any, bearing on the defendant's participation in the alleged criminal conduct. The defendant's complaint that Mrs. Wriley's statement denied him his right to cross-examine a Government witness is without foundation. It was well within the defendant's right to have called Mrs. Wriley as a witness in the proceedings, and his failure to do so indicates that he found her statement to be unworthy of further elaboration or explanation. See Fairbanks v. Cowan, 551 F.2d 97, 99 (6th Cir. 1977); see also United States v. Owen, 484 U.S. 554,559, 108 S.Ct. 838, 842 (1988). Finally, the trial court went to great lengths to instruct the jury regarding Mrs. Wriley's limited role within the

5

proceedings thereby ensuring that her particular participation as an interpreter was well understood by the jury. We therefore hold that the district court did not commit error, let alone, plain error.[2]

Ball's final argument contends that the evidence admitted at trial was insufficient to support his conviction. On appeal, the Government is entitled to have us examine the evidence in the light most favorable to it--to make all reasonable inferences and credibility choices in favor of the verdict. See United States v. Jokel, 969 F.2d 132, 134 (5th Cir. 1992). "The evidence is sufficient if a reasonable trier of fact could have found that it established guilt beyond a reasonable doubt. Every reasonable hypothesis of innocence need not have been excluded, nor need the evidence be entirely inconsistent with innocent conduct." Id. (citing United States v. Vasquez, 953 F.2d 176, 181 (5th Cir.), cert. denied, __ U.S. __, 112 S.Ct. 2288 (1992). The evidence, in this case, included testimony from Wriley that he had been asked by Ball to help him cash the treasury check. The store owner, Marion Killebrew, testified that she had cashed the treasury check for Wriley and a man whom she believed to be Ball. Further implicating Ball was the appearance of his fingerprints and palm print on the check. Finally, Louis Buchanan testified that he never gave Ball

---

[2] As the defendant did not allege a violation of the Court Interpreters Act of 1978, 28 U.S.C. §1827, at trial or on appeal and since a conviction will be reversed based on a failure to comply with the Act's provisions only when fundamental unfairness has resulted, we find it unnecessary to address whether the trial court's decision to appoint Mrs. Wriley complied with the terms of that statute.

permission to cash or possess the check.  We thus find that there was more than sufficient evidence for a reasonable jury to have convicted Ball as to count two of the indictment.  See United States v. Hall, 845 F.2d 1281, 1284 (5th Cir.), cert. denied, 488 U.S. 860 (1988).

There is no error in the record before us and, accordingly, we AFFIRM.