UNITED STATES, Appellee,

v.

Ralph W. WILLIAMS, Sergeant
U.S. Army, Appellant.

No. 67,388.

CMR No. 9000540.

U.S. Court of Military Appeals.

Submitted March 26, 1992.

Decided Aug. 3, 1993.

For Appellant: *Colonel Robert B. Kirby, Lieutenant Colonel James H. Weise, Captain James B. Heaton, Captain Emmett G. Wells* (on brief).

For Appellee: *Lieutenant Colonel Daniel J. Dell'Orto* and *Major Joseph C. Swet-*

*nam* (on brief); *Colonel Dayton M. Cramer.*

*Opinion of the Court*

COX, Judge:

Appellant stands convicted of attempted sodomy, rape (2 specifications), sodomy upon a child under the age of 16, and committing indecent acts with a child under 16, representing a pattern of abusing his daughters, T and C, then 10 and 11 years old.[1] At trial, T testified from the normal witness stand, while C testified from a chair in the center of the courtroom. C was seated outside the witness box, facing the military judge with the defense table to the immediate left of her chair. The purpose of the arrangement was to allow the accused to see the witness against him while allowing C to feel less inhibited than if she were facing her father. The granted issue before this Court asks whether permitting a child-victim witness to testify from a "special chair" at an angle facing away from the accused, for the purpose of shielding the witness from a face-to-face confrontation, requires a case-specific finding of necessity in order to comply with the Confrontation Clause of the Sixth Amendment.

At trial, the military judge expressed doubts as to whether the positioning of the witness actually amounted to any vitiation of appellant's confrontation right whatever. The diagram attached to the record reflects the configuration. It shows the chair situated so that a full left-side profile of the witness was visible to the accused. While the defendant might not have been able to look into the witness' eyes, we do not think he was deprived of face-to-face confrontation. The witness testified in the presence of the accused, and he could see

---

1. On August 16 and December 5, 1989, and February 2, 15, and 16, 1990, appellant was tried by a military judge sitting as a general court-martial and was convicted of violating Articles 80, 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 920, 925, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 20 years, total forfeitures, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed. 33 MJ 754 (1991).

her face and demeanor at all times. From the angle she was facing, the witness could see the accused without moving her body in the chair. These facts are legally distinguishable not only from cases like *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (witness testified outside of presence of the accused via one-way video camera), and *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (witnesses testified in courtroom behind a screen that blocked defendant from their sight but allowed him to "dimly perceive" the witnesses), but also from *United States v. Thompson,* 31 MJ 168 (CMA 1990) (witness' back was to the accused so that there was no face-to-face confrontation), *cert. denied,* 498 U.S. 1084, 111 S.Ct. 956, 112 L.Ed.2d 1044 (1991). We hold this configuration did not deny appellant his right to confrontation.

While the military judge was doubtful as to whether the accused was denied any right to confrontation at all, he proceeded, upon request by the prosecution for a case-specific finding of necessity, to address the need for the arrangement to accommodate the child's testimony. In *United States v. Thompson, supra,* two sons were allowed to testify against their father with their backs to him, facing the judge and counsel. We recognized that, where the placement of a witness prevents face-to-face confrontation to protect the welfare of a child victim who is a witness in the case, there must be a case-specific finding of necessity by the military judge. 31 MJ at 172, *citing Maryland v. Craig,* 497 U.S. at 855–56, 110 S.Ct. at 3169. The military judge in *Thompson* made the following findings:

> Trial counsel has presented evidence through ... [a psychologist who personally examined the children] that the children if required to testify from the witness stand where they would be looking directly at the accused would have their

ability to think and testify accurately impaired and that they could respond better if the accused were not in their direct line of sight, and I find by the preponderance of the evidence that that's a fact.

\* \* \*

[C]onsidering the testimony concerning the trauma to the children if forced to testify facing the accused, and balancing that factor against the accused's alleged right to have witnesses facing him, I find the procedure proposed by the trial counsel will not prejudice the rights of the accused and will insure the witnesses testify freely.

31 MJ at 169–70; *see Maryland v. Craig, supra.*

Here, the military judge, after entertaining in a session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), the testimony of a psychologist who examined both T and C, found:

> I certainly would find that, considering the ages of the two witnesses[—] that is, apparently 9 and 10 [2][—]it would certainly be very traumatic, under these circumstances, for these witnesses to testify in court and have eye-to-eye contact. Also, I would find that their testimony under this circumstance would indeed be very difficult and probably would inhibit the witnesses from being very honest and forthright.

We are satisfied there was no Confrontation Clause problem; but if there were, the military judge complied with the *Thompson* requirement and entered a case-specific finding based on the evidence before him to support the procedure employed at trial.[3] We hold the granted issue is without merit.

The decision of the United States Army Court of Military Review is affirmed.

SULLIVAN, C.J., and Judges CRAWFORD, GIERKE, and WISS concur.

---

**2.** The military judge misstated the ages of the witnesses. The girls were 10 and 11 years old at the time of trial. *Id.* at 755.

**3.** The military judge expressed his reluctance in making a finding of necessity for unusual proce-

dures. Nevertheless, he found sufficient necessity for the measures ultimately employed.