OPINION OF THE COURT
PER CURIAM:
Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer and enlisted members of one specification of carnal knowledge, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1988) [hereinafter *836 UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.
We are asked to decide whether the appellant’s involuntary exclusion from the courtroom during the testimony of the prosecutrix requires reversal of his conviction. We hold that it does.
At an Article 39(a), UCMJ, 10 U.S.C.A § 839(a), session, the government presented the testimony of a psychologisi/therapist that the thirteen-year-old female victim may be psychologically harmed by testifying in the presence of the appellant. Over strong defense opposition, the military judge granted the prosecutor’s motion to remove the accused from the courtroom during the testimony of the victim. While the victim testified, the appellant was placed in the deliberation room and allowed to view the proceedings on two-way television. His defense counsel remained in the courtroom. The military judge instructed the members before and after the victim’s testimony that the appellant’s absence from the courtroom was “beyond the [appellant’s] control” and that they were not to consider the absence. Present in the courtroom during the victim’s testimony were her guardian ad litem and the therapist, who sat in chairs on either side of the witness. During the testimony, the defense counsel and the appellant were able to communicate privately by cellular telephone.
Counsel for the appellant assert that the military judge abused his discretion in denying the appellant his Sixth Amendment right to confrontation and to a fair trial by excluding him from the courtroom during the testimony. The appellant asks us to dismiss the charge and its specification. Government appellate counsel concede that an error of constitutional dimensions occurred and that it is not harmless beyond a reasonable doubt. However, the government counsel maintain that the error only involves a violation of the appellant’s Fifth Amendment right to due process and his right to military due process in that the accused was deprived of the right to be present at his criminal trial. Government counsel ask us to set aside the findings and the sentence and to return the record to the convening authority “for appropriate action.”
The right of an accused “to be present during the trial is fundamental.” United States v. Staten, 45 C.M.R. 267, 270 (C.M.A 1972). Unless he voluntarily absents himself or is excluded by the military judge because of his disruptive conduct, a military accused has both a constitutional and a statutory right to be present during the conduct of his trial. U.S. Const, amend V; UCMJ art. 39(b), 10 U.S.C.A § 839(b); see United States v. Peebles, 3 M.J. 177 (C.M.A 1077); see also Rule for Courts-Martial 804.
Having reviewed the record of proceedings and the briefs of counsel, we agree with the government’s appropriate concession that the trial judge’s ruling to exclude the appellant from the courtroom, under the circumstances presented here, was an error of constitutional dimensions and that- this error was not harmless beyond a reasonable doubt. See generally Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970); Peebles, 3 M.J. 177; United States v. Cook, 20 U.S.C.M.A 504, 43 C.M.R. 344 (1971); UCMJ art. 39; Rule for Courts-Martial 804(b)(1). Given the concession, we need not decide whether the appellant’s Sixth Amendment rights were also violated.[1] We note, however, this case aptly demonstrates how both Fifth and Sixth Amendment consid *837 erations can be implicated in efforts to craft solutions to child testimony problems within the authority and strictures of Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). However, we hold here that the involuntary physical removal of an accused from the courtroom during the trial is not an available solution to a child testimony problem under military law.
Because of our disposition of this case, we need not address the remaining errors asserted personally by the appellant.
The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

. We note that virtually all of the important Confrontation Clause cases deal with children of tender years who would be traumatized by confrontation in court with an accused. This case involves a procedure materially different than those employed in Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), and its progeny. In those cases, the courts employed various methods to protect the child-abuse victim from the trauma of testifying in court, such as the use of closed-circuit television, videotaped testimony, and positioning the witness’ chair at an angle not facing the defendant. See, e.g., United States v. Williams, 37 M.J. 289 (C.M.A. 1993); United States v. Longstreath, 42 M.J. 806, 812-14 (N.M.Ct.Crim.App.1995) (collecting cases); United States v. Mitchell, 41 M.J. 512 (Army Ct.Crim.App.1994) pet. denied, 43 M.J. 159 (1995); United States v. Helms, 39 M.J. 908, 910-11 (N.M.C.M.R.1993). None of those methods involved the involuntary removal of the accused from the courtroom, as was done here.