# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30928

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERDINC COSKUN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CR-267-1

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Erdinc Coskun ("Coskun")—a national of the Republic of Turkey—appeals his conviction for failing to depart the United States pursuant to a final order of removal. Coskun argues that the district court abused its discretion by denying Coskun an interpreter at trial and he is entitled to a new trial. Because the record supports the district court's judgment, we affirm Coskun's conviction and deny his request for a new trial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30928

## I. BACKGROUND

Coskun was indicted on two counts of failure to depart the United States pursuant to a final order of removal. The indictment alleged that Coskun physically resisted removal on April 2, 2013 and May 1, 2013 after a final order of removal was issued against him.

When the trial began on April 22, 2014, Coskun requested an interpreter. Coskun explained that he wanted the interpreter to assist him during the trial. Although Coskun admits that he is fairly proficient in writing the English language, he told the district court that he has difficulty understanding oral communication when several parties talk simultaneously.

In response to Coskun's request, the court attempted to question Coskun regarding his ability to speak and understand the English language, asking him when he first came to the United States. Coskun refused to answer, claiming that it would violate his right against self-incrimination. Coskun informed the court that he had an interpreter during the immigration proceedings.

Because Coskun refused to answer questions regarding his need for an interpreter, the court turned to the Government to provide information based on Coskun's immigration file. The Government told the court that Coskun arrived in the United States on a student visa in 2000. The first seven years he was in the U.S. Coskun attended college, including three years at a community college and apparently the balance at Syracuse University. In 2007, Coskun terminated his studies at Syracuse University and his student visa expired. At that time, he had only two classes left to complete his Master's program in telecommunication and network management. Once his student visa expired, Coskun was required to depart the United States. In November 2009, the government initiated removal proceedings by issuing Coskun a notice to appear.

2

No. 14-30928

The immigration judge had difficulty getting to the merits of the removal proceeding. The immigration judge had at least eight hearings which the judge continued to allow Coskun to find an attorney. This occurred over the course of a year and a half from his first notice to appear until a resolution of his removal proceedings. In all of those hearings, he repeatedly interrupted the immigration judge in English and refused to speak through the interpreter. He also filed a number of frivolous motions and on occasion refused to participate in the hearings. During all of these hearings the government agrees the immigration judge provided an interpreter which Coskun almost never utilized. On May 2, 2011, the immigration judge denied asylum, withholding of removal, and deferral of removal under the Convention Against Torture, and ordered Coskun removed to Turkey. He was taken to the airport twice and refused to board the airplane.

After repeated interruptions from Coskun during the hearing, the district court told Coskun, "Part of your problem is you don't want to listen. Part of your problem is you just want to talk in hopes that you can delay this proceeding. . . . That's what's going on here, and I understand it, Mr. Coskun."

The court then took a recess to review Coskun's immigration file. Based on that review, the court concluded that an interpreter was unnecessary. The court stated:

> In looking at the records that I have here, I want, Mr. Brown, for you to take the entire A-file and have it marked as a court exhibit for purposes of this hearing.
>
> * * *
>
> It is my ruling that an interpreter is not necessary in this case. In fact, I want to observe, although Mr. Coskun does speak with an accent, he's obviously intelligent. He is explaining about the law to me, and his arguments, for that matter, have been fairly sophisticated all the way through, and on that basis it's my view he does not need an interpreter to assist him with this trial.

No. 14-30928

The case proceeded to trial that day. The government presented testimony from the two Department of Homeland Security Agents who attempted to physically remove Coskun from the United States. Coskun testified in his defense without the aid of an interpreter and argued that he was not subject to a valid final order of removal.[1] The jury found Coskun guilty on both counts. Coskun was sentenced within the guidelines range to a total of six months imprisonment, followed by one year of supervised release. Coskun has completed his sentence and has been removed to the Republic of Turkey.[2]

## II. DISCUSSION

The Court Interpreter's Act ("the Act") of 1978, 28 U.S.C. § 1827, requires, in pertinent part, the appointment of an interpreter when the judge, either *sua sponte* or on the motion of a party, determines that the defendant

---

[1] Coskun appealed the Board of Immigration Appeals ("BIA") order affirming the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture to the United States Court of Appeals for the Second Circuit. As a matter of routine, the Second Circuit granted Coskun an automatic stay of removal until it could address his appeal. On January 11, 2013, the Second Circuit dismissed Coskun's appeal for lack of jurisdiction. This dismissal lifted the automatic stay. Coskun then appealed the BIA's order to the United States Court of Appeals for the Ninth Circuit, again getting an automatic stay of his deportation. The Ninth Circuit dismissed Coskun's appeal for lack of jurisdiction on January 22, 2013, terminating Coskun's temporary stay of removal. Coskun then filed a motion for reconsideration with the Second Circuit and Ninth Circuit. On March, 21, 2013, the Ninth Circuit denied Coskun's motion. However, at the time of Coskun's attempted deportations on April 2, 2013 and May 1, 2013, the Second Circuit had not addressed Coskun's motion for reconsideration. Coskun argued to the jury that since his motion for reconsideration had not been ruled on by the Second Circuit at the time the deportation officers attempted to remove him, there was a stay of his removal in effect and, thus, he was not subject to a valid final order of removal. Ultimately, the Second Circuit denied Coskun's motion for reconsideration on July 12, 2013.

[2] Even though Coskun completed his sentence, his appeal is not moot. There is a presumption "that most criminal convictions . . . entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 55 (1968). If Coskun were to apply for reentry into the United States, his convictions resulting from this case would likely be considered and may lead to adverse effects. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).

No. 14-30928

"speaks only or primarily a language other than the English language."[3] However, even if the defendant's primary language is other than English, if his understanding of the English language is such that he is not inhibited from comprehending the proceedings and the presentation of the testimony of the witnesses against him, the court is not required to appoint an interpreter.[4] Instead, an interpreter should be appointed when the presiding judicial officer finds that the "defendant's ability to comprehend the proceedings or communicate with counsel is 'inhibited' by language or hearing problems."[5] Stated another way, a defendant who speaks only or primarily a language other than English such as to inhibit his comprehension of judicial proceedings or his communications with his counsel is entitled to have the court appoint for him an interpreter.[6]

The district court is given wide discretion in deciding whether to appoint an interpreter.[7]  Refusing to appoint an interpreter, however, cannot be a matter of expediency.  If an interpreter is required under the Act, then the court must appoint one, regardless of the fact that it may be troublesome or time consuming. We review the court's decision for an abuse of discretion.[8]

After reviewing the record, we are not persuaded that the district court abused its discretion by failing to appoint an interpreter to assist Coskun during his trial.  In response to Coskun's request for an interpreter, the district court conducted an extended hearing to determine Coskun's understanding of

---

[3] 28 U.S.C. § 1827(d)(1)(A)

[4] *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980).

[5] *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990) (citing 28 U.S.C. § 1827(d)).

[6] *Tapia*, 631 F.2d at 1209-10.

[7] *United States v. Ball*, 988 F.2d 7, *9 (5th Cir. 1993).

[8] *Id.*

5

No. 14-30928

the English language.  Coskun refused to answer the court's questions, even after the court instructed him to answer the questions.  The court then turned to Coskun's immigration file to determine Coskun's understanding of the English language.  As indicated above, the file showed that:

- Coskun had lived in the United States for 14 years.
- For the first seven years, Coskun attended college, including several years at Syracuse University.
- By his own admission, Coskun was two classes short of obtaining his Master's degree in telecommunication and network management from that university.
- Throughout the immigration proceedings, Coskun filed several legal documents pro se, all of which were hand-written or typed in the English language.
- Although Coskun had an interpreter during the immigration proceedings, he insisted on speaking in English, even after the immigration judge instructed him to speak through the interpreter.

Other interactions between Coskun and the district court corroborated the court's determination that Coskun sufficiently understood English.  On several occasions, Coskun communicated out of turn with the district court in English making legal arguments challenging the appointment and sufficiency of his counsel and the validity of his indictment.  Relatedly, he objected to the government's evidence on several occasions and attempted to cross-examine government witnesses.  These attempted exchanges with the court and witnesses were on point and reflect no inability of Coskun to understand what was being said.  When the district court admonished Coskun, he seemed to understand its instructions.  In none of Coskun's out-of-turn exchanges with the district court did he indicate that he did not understand the testimony of

the witnesses.  Coskun's attorney never told the court that he had trouble communicating with his client, and the record reflects no such problems.

Perhaps most revealing, Coskun testified in English in his own defense. During his testimony, Coskun responded appropriately to his counsel's questions, except for one occasion when Coskun misused the word "cordial." Coskun made sophisticated legal arguments in his defense.  No juror ever indicated difficulty understanding Coskun.  Throughout the proceedings, the court reporter asked Coskun to repeat only one word, demonstrating his ability to use the English language.

Based on this record, we cannot say the district court abused its discretion by concluding that Coskun's understanding of the English language was sufficient such that he could comprehend the proceedings and communicate with his counsel.  We therefore affirm his conviction.

AFFIRMED.