**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cruz Hector NEVAREZ–CASTRO, Defendant–Appellant.**

**No. 95–50472.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1997.

Decided July 18, 1997.

Peter A. Vance, San Diego, CA, for defendant-appellant.

Carolyn L. Oliver, Assistant United States Attorney, San Diego, CA, for plaintiff-appellee.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.

WEXLER, District Judge.

Defendant Cruz Hector Nevarez–Castro ("Nevarez") appeals his conviction, after a jury trial, on three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and the sentence imposed by Judge Edward J. Schwartz, United States District Judge for the Southern District of California. Because the district court erred in denying Nevarez a competency hearing following his commitment to a federal institution based on his

---

* Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of    New York, sitting by designation.

incompetency to stand trial, we vacate Nevarez's conviction and sentence and remand for a competency hearing and new trial.

## BACKGROUND

For purposes of this decision, the relevant background can be summarized as follows: On May 27, 1992, Nevarez was indicted on a three-count superseding indictment charging him with two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). On August 18, 1992, trial commenced before Judge Gordon Thompson, Jr., United States District Judge for the Southern District of California. On August 21, 1992, the jury found Nevarez guilty on all three counts of the indictment. Judge Thompson sentenced Nevarez to 300 months' imprisonment on each count. On appeal, the government conceded that a juror drawn for the trial should have been excused for cause and filed a motion for summary reversal and remand for a new trial. On May 13, 1994, we granted the government's motion and remanded for a new trial.

At a status conference on July 11, 1994, Judge Thompson scheduled the new trial for August 16, 1994. On August 9, 1994, Nevarez's counsel raised the question of Nevarez's mental competency in an oral motion before Judge Thompson. After initially denying the motion, Judge Thompson, upon reconsideration, found that an examination to determine Nevarez's mental competency was appropriate pursuant to 18 U.S.C. § 4241. Judge Thompson ordered Dr. Meredith Friedman, Chief of Forensic Psychology at the Metropolitan Correctional Center in San Diego, California, to examine Nevarez and to testify regarding Nevarez's mental competency to stand trial. Following an evidentiary hearing on August 15, 1994, at which Dr. Friedman testified, Judge Thompson issued a Finding of Incompetency and Order of Commitment pursuant to 18 U.S.C. § 4241(d). As a result, Nevarez was remanded to the Federal Medical Center at Rochester, Minnesota ("FMC Rochester") for evaluation and treatment. The trial was postponed pending resolution of Nevarez's mental condition.

At a status hearing on January 30, 1995, Judge Thompson declared Nevarez competent to stand trial, relying on a report from the prison medical authorities at FMC Rochester indicating that Nevarez was not suffering from any mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. At the status hearing, Nevarez's counsel moved for a competency hearing. Judge Thompson denied that request and set trial for March 21, 1995.

On March 21, 1995, Judge Thompson was engaged with another jury trial and, as a result, the case was reassigned to Judge Schwartz for retrial commencing that day. On March 24, 1995, the jury found Nevarez guilty on all three counts of bank robbery. After a sentencing hearing on October 2, 1995, Judge Schwartz sentenced Nevarez to 168 months' imprisonment on each count.

## DISCUSSION

Although Nevarez raises numerous grounds challenging his conviction and sentence, we need only address his contention that Judge Thompson erred in denying his request for a competency hearing following his commitment to FMC Rochester. While the parties argue at length on appeal as to whether Judge Thompson correctly denied Nevarez's request for a hearing and determined that he was competent to stand trial, neither party refers to 18 U.S.C. § 4241(e), which expressly requires a district court to hold a hearing to determine the competency of a defendant committed to a facility under 18 U.S.C. § 4241(d). Section 4241(e) provides that when, as here, the facility in which a defendant is hospitalized pursuant to § 4241(d) determines that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, "[t]he [district] court *shall* hold a hearing, conducted pursuant to the provisions of [18 U.S.C.] section 4247(d), to determine the competency of the defendant." 18 U.S.C. § 4241(e) (1985) (emphasis added). Section 4247(d), in turn, provides that the defendant, at such a hearing, "shall be afforded an opportunity to

testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d) (1985). Thus, the district court erred in denying Nevarez's request for a hearing to determine Nevarez's competency following his commitment to FMC Rochester. Because Nevarez was entitled to a competency hearing following his commitment to FMC Rochester, his conviction and sentence must be vacated and the case remanded for a competency hearing and new trial. Based on this determination, we need not address Nevarez's additional grounds on appeal.

## CONCLUSION

For the above reasons, we vacate Nevarez's conviction and sentence and remand for a competency hearing and new trial.

VACATED AND REMANDED.