**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10073 |
| Plaintiff - Appellee, | DC No. CR 05-1308 JMR |
| v. | |
| ERIC ALEXANDER CONCEPCION-ALVARADO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted June 14, 2010**
San Francisco, California

Before:    O'SCANNLAIN, TASHIMA, and BEA, Circuit Judges.

Defendant Eric Concepcion-Alvarado ("Concepcion") appeals from the

judgment entered on January 30, 2008, following his plea of guilty to illegal

reentry into the United States. Concepcion contends that the trial court violated his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

\*\*       The panel unanimously finds this case to be suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

due process rights by failing to conduct an evidentiary hearing regarding his competency before accepting his guilty plea. He also argues that the trial court clearly erred by determining that he was competent to plead guilty.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Concepcion was arrested on June 11, 2005 and charged with illegal reentry after deportation under 8 U.S.C. § 1326. Over the course of the district court proceedings, Concepcion was represented by four court-appointed attorneys, at least two of whom moved to withdraw because of a lack of communication or understanding.

At the request of Concepcion's fourth attorney, the magistrate judge ordered two psychological evaluations. Neither evaluation indicated that Concepcion was not competent to stand trial. Concepcion's attorney contested the conclusions contained in the reports, and the magistrate scheduled a status conference to determine whether an evidentiary hearing was necessary. Before the date of the status conference, however, Concepcion filed a notice for a change of plea hearing. The status conference was taken off calendar and Concepcion pleaded guilty. At the plea hearing, his attorney acknowledged that she believed Concepcion was competent to plead guilty. The court sentenced Concepcion to seventy-seven

months' imprisonment and thirty-six months of supervised release. This timely appeal followed.

## STANDARD OF REVIEW

Our review of the district court's failure to provide a competency hearing is "comprehensive." *Smith v. Ylst*, 826 F.2d 872, 875 (9th Cir. 1987). The question is whether substantial evidence of incompetence exists "such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *United States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008).

We review a district court's determination that a defendant is competent to stand trial for clear error. *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002).

## DISCUSSION

A district court must order a competency hearing either on the motion of a party or *sua sponte*, where there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Here, substantial evidence did not raise a reasonable doubt as to Concepcion's competence. First and foremost, the magistrate judge granted

3

Concepcion's request to be evaluated first by a psychologist of his choice, and later by the medical team at a psychiatric hospital of his choice over an extended period. The psychological evaluations from both sources concluded that Concepcion was competent. In addition, during the course of the proceedings before the court, Concepcion did not exhibit any signs of mental disease indicative of incompetence. *See United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004) (noting that a defendant's irrational behavior and demeanor in court are factors which a court may consider in determining competency). Further, Concepcion's attorney acknowledged at the plea hearing that her client was competent to plead.

We reject Concepcion's contention that he was incompetent because he did not understand his lawyers and the legal system. The magistrate judge reasonably interpreted Concepcion's asserted "lack of understanding" as reflecting a disagreement with the law rather than an inability to understand the proceedings. A refusal to believe what the law is does not, on its own, amount to incompetence. *See Marks*, 530 F.3d at 814-15 (concluding that the defendant's belief that the court lacked legal authority over him was "not indicative of an inability to understand the proceedings against him or conduct his own defense").

Concepcion's contention that the district court was required to hold a competency hearing under *United States v. Nevarez-Castro*, 120 F.3d 190 (9th Cir.

4

1997), similarly lacks merit. *Nevarez-Castro* is inapposite because here, the court never found that Concepcion was incompetent under § 4241(d). *See id.* at 191; *Formhals v. United States*, 278 F.2d 43, 48 (9th Cir. 1960) ("*[A]fter an accused has been judicially determined incompetent* to stand trial, he cannot be brought to trial unless there has been a subsequent judicial determination of restored competency." (emphasis added)).

The district court sufficiently inquired into Concepcion's competence. Because substantial evidence did not raise a reasonable doubt as to his competency, the district court also did not clearly err in finding that Concepcion was competent to plead guilty.

## CONCLUSION

For the foregoing reasons, the judgment and sentence are **AFFIRMED.**