IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-7320

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
_____

(August 16, 1994)

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

It is the contention of this appeal that the inability of a defendant to testify in open court before a jury necessarily renders the defendant incompetent to stand trial. We reject the contention and affirm the conviction.

Allen Barnes was charged with one count of a felon in possession of a firearm and one count of possession of an unregistered firearm. His attorney filed a motion pursuant to 18 U.S.C. § 4241(a) for a psychiatric evaluation to assess Barnes' mental competency. The court directed that Barnes undergo psychiatric examination. A psychological report was entered,

stating that Barnes suffered from paranoid schizophrenia with depression and border-line retardation and concluding that Barnes was incompetent to stand trial.  Barnes was then committed to a treatment and hospitalization center for prisoners in Springfield, Missouri.

After four months of treatment, the warden entered a certificate of competency in accordance with 18 U.S.C. § 4241(e). The forensic report confirmed that Barnes was capable of understanding the nature of the proceedings against him and was able to assist in his defense.  The clinical psychologist added the following caveat, however, to the report:

> A caveat about Mr. Barnes' understanding should be noted. He demonstrated a history of vague and evasive speech which continued during his treatment.  This is a style that he utilizes in order to avoid social interaction and awkwardness with others.  He often responded by saying "I don't know" in order to decrease his anxiety or avoid further questioning and interaction with people.  He was, however, observed to provide adequate answers and descriptions when interviewed alone or in small groups.  It is the undersigned evaluators' opinion that he would function adequately in a hearing.  A jury trial would be difficult for him if he chose to testify on his own behalf.  His behavior would otherwise be completely appropriate in such a setting.

The district court held a competency hearing on February 12, 1993, and found the defendant competent based on the forensic report, without contrary evidence or claim.  Barnes did, however, move to dismiss the indictment because of the caveat in the report.  The district court considered the caveat and concluded that Barnes was competent to stand trial and competent to testify in his own behalf in a *hearing setting*, but not competent to

testify on his own behalf in a group situation, including a jury trial.  The court elaborated on the competence of Barnes to testify in a setting in which "the attorneys for both sides are present along with the court and a minimum number of court personnel" and it was suggested that the jury could watch by a closed-circuit television.  Upon that ruling Barnes pleaded *nolo contendere*[1] and the district judge found him guilty as charged.  Barnes appeals and argues that his conviction should be reversed and the indictment dismissed, because he was incompetent to stand trial without the ability to testify in the physical presence of a jury.

## DISCUSSION

The inability of a defendant to communicate effectively with the jury is not an unusual problem.  Language, speech, and mental handicaps sometimes interfere.  Although Barnes could not communicate well before large groups of people, he was found to be competent; he was able to understand the nature and consequences of the proceedings against him and was able to assist in his defense.  Furthermore, Barnes was presented with the viable option of testifying by closed-circuit television if he felt unable to testify before a jury.

---

[1]  *Barnes entered a conditional plea.  Rule 11(a)(2) states: "With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion.  A defendant who prevails on appeal shall be allowed to withdraw the plea."*

Dismissal of the indictment in Barnes' case, or in the event of some other communication disability or handicap, is not the proper disposition.  Instead, courts should provide a means of communication as may best enable the testimony of a defendant to be presented to the jury.  See United States v. Ball, 988 F.2d 7, 9 (5th Cir. 1993) (upholding discretion of the trial judge in using an interpreter to present deaf defendant's testimony, where defendant's speech was unintelligible and defendant offered no alternative way, other than written statements, to present testimony); People v. Hardesty, 362 N.W.2d 787 (1984), appeal dismissed, 106 S.Ct. 3269 (1986) (upholding denial of defendant's motion to discontinue use of psychotropic drugs that supported his competency and without which he might become incompetent to testify and stand trial).

We do not find the determination that Barnes was competent to stand trial "clearly arbitrary or unwarranted" simply because the district court presented an option to Barnes which could enhance, rather than harm, his ability to effectively present his case to a jury.

AFFIRMED.