# United States Court of Appeals
## For the First Circuit

No. 00-1258

UNITED STATES OF AMERICA,

Appellee,

v.

OCTAVIANO GIRON-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Stahl, Circuit Judge.

    Terrance J. McCarthy, by Appointment of the Court, for appellant.
    Terrence P. Donnelly, Assistant U.S. Attorney, with whom Margaret E. Curran, United States Attorney, was on brief for appellee.

December 12, 2000

**COFFIN, <u>Senior Circuit Judge</u>.** Defendant-appellant Octaviano Giron-Reyes appeals from a conviction upon a plea of guilty to illegally re-entering the United States after deportation. The sole issue addressed in this appeal is whether a competency hearing should have been held in accordance with 18 U.S.C. § 4241(e) before a plea was taken. Because the express language of, and policy behind, that statutory provision require the court to hold a hearing and to make a finding of competency, we vacate the conviction and remand for a determination of appellant's competency to plead guilty.

## Background

The underlying facts are not in dispute. Appellant's appointed trial counsel raised the issue of his client's competency in April 1999 when he filed a motion for funds for a psychiatric examination. The court dismissed that motion as moot when it ordered appellant, who was detained pending trial, examined at a Bureau of Prisons facility. For two weeks in May 1999, appellant was evaluated at the Federal Correctional Institution (FCI) in Petersburg, Virginia, where he was determined to be incompetent. The Petersburg forensic report stated: "Mr. Giron-Reyes is suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and unable to assist

-3-

properly in his defense. With extensive treatment, it is possible that Mr. Reyes could be restored to competency."

After a hearing on June 18, 1999, at which no evidence was presented because the government did not dispute the Petersburg report, the court found appellant incompetent and ordered him hospitalized for treatment pursuant to 18 U.S.C. § 4241(d), which permits custodial treatment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). Appellant was thereafter sent for treatment to the FCI in Butner, North Carolina, where he underwent testing and observation from July 7 through September 29. On October 12, 1999, the warden of FCI Butner certified appellant as competent, diagnosing him as a malingerer.

Two weeks later, on October 26, 1999, the court held a status conference in chambers. The case was calendared for trial without objection of counsel and without a motion for a hearing. Another fortnight hence, appellant pleaded guilty pursuant to a written plea agreement. At the Rule 11 colloquy, the court found appellant "fully capable and competent" to enter

an informed plea. Appellant was sentenced to seventy months' imprisonment and took this appeal.

Because no motion for a second competency hearing was filed and no objection was made to scheduling the case for jury selection, our review is for plain error. See Fed. R. Crim. P. 52(b). Appellant claims that the district court plainly erred in failing to hold a second competency hearing even absent a request. Under the circumstances of this case, we agree.[1]

## Discussion

The test for determining competency to plead guilty is the same as the test for determining competency to stand trial: a defendant must be able to understand the proceedings against him and have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. See Godinez v. Moran, 509 U.S. 389, 398 (1993); see also Dusky v. United States, 362 U.S. 402, 402 (1960). The conviction of an incompetent defendant violates due process. See Pate v. Robinson, 383 U.S. 375, 385 (1966). Section 4241 prescribes the procedure by which courts are to determine a criminal defendant's competency. Although non-compliance with the

---

[1]    We reach neither of appellant's two alternative arguments: that his trial counsel was ineffective for failing to request a hearing, and that the court plainly erred in failing to authorize funds to retain a defense expert to examine defendant's competency.

-5-

procedure set out in the statute does not necessarily violate due process, on this record we believe appellant's rights were not adequately protected.

We begin by setting forth the complete statutory framework, recognizing that the district court fully and sensitively complied with the section involving the exercise of discretion. Subsection (a) of § 4241 imposes a duty on district courts to order a hearing sua sponte in order to make an initial determination of competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . ." 18 U.S.C. § 4241(a); see also Hernandez-Hernandez v. United States, 904 F.2d 758, 760 (1st Cir. 1990) ("A court is required to hold a competency hearing sua sponte whenever there is 'reasonable cause . . . .'"). We have held that there is no reasonable cause to hold an initial competency hearing where "all the information from the [examining] psychiatrist, the defense counsel and the judge himself [from a plea colloquy] were [sic] in agreement." United States v. Lebron, 76 F.3d 29, 33 (1st Cir. 1996); see also United States v. Pryor, 960 F.2d 1, 2 (1st Cir. 1992) (affirming conviction without competency hearing where "the court had seen defendant vigorously, and rationally, participating in his defense").

If the court finds reasonable cause, and, after the requisite hearing, determines by a preponderance of the evidence that defendant is in fact incompetent, then the defendant must be hospitalized for treatment in a suitable facility for up to four months or until such time as defendant attains the capacity to permit the trial to proceed. See 18 U.S.C. § 4241(d)(1). Once the director of the facility in which the defendant is hospitalized certifies that the defendant "is able to understand the nature and consequences of the proceedings against him and to assist in his defense," then the court "shall hold a hearing" to once again evaluate the defendant's competency. 18 U.S.C. § 4241(e).

It is that second hearing, based on a report of competence following an initial finding of incompetence, that is at issue in this case. For several reasons, we believe that subsection (e) required the district court to conduct such a hearing, even absent a motion from appellant, and that its failure to do so was plain error.

First, unlike subsection (a), which requires a hearing only if there is "reasonable cause" to doubt the defendant's competency, the text of subsection (e) contains no contingency, unequivocally mandating a hearing by using the term "shall" without qualification. The language could not be clearer.

Second, the need for a hearing on competency is greater at the later stage of proceedings governed by subsection (e). Initial competency hearings under subsection (a) are not mandated absent reasonable cause because the evidence of competency may be so overwhelming as to render any such hearing a superfluous formality. Subsection (e) hearings, by contrast, always occur after an initial finding of incompetence and a subsequent report, often less than four months later, that the defendant has become competent. Subsection (e) hearings thus compel courts to reconcile inconsistent reports. Subjecting the differing views of the experts to the rigors of courtroom scrutiny places the court in a better position to assess the credibility of witnesses and the rationales of their seemingly opposing opinions.

Third, the due process concerns undergirding the subsection (e) procedure support a mandatory, rather than a precatory, hearing. Defendants who are not competent cannot waive their constitutional rights. See Godinez, 509 U.S. at 400-01. Although a psychiatric report attesting to a defendant's competency following treatment may be evidence of his condition, its conclusion will be at odds with an expert judgment perhaps made only several months earlier. Imposing the obligation to determine competency on the court after a full

hearing ensures a complete and objective assessment. Even where a defendant is ably represented, the acquiescence of counsel is no substitute for judicial consideration after a hearing.[2]

The intent that a reported change in competency be fully explored to meet due process concerns is evidenced, moreover, by the explicit incorporation of § 4247(d) into subsection (e).[3] That provision guarantees that the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). To construe this procedure as discretionary would be to negate protections Congress enacted to give substance to a defendant's right to due process.

That the hearing is mandatory is also implicit in the related requirement that the court make a specific finding by a preponderance of the evidence "that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist

---

[2] Because there was no waiver evident from the record here, we do not reach the question whether an affirmative waiver of a subsection (e) hearing would satisfy the dictates of the statute.

[3] "The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant." 18 U.S.C. § 4241(e).

properly in his defense." 18 U.S.C. § 4241(e). We think this provision can only be interpreted as anticipating a focused inquiry into the nature of the defendant's original difficulties and the basis upon which the experts concluded that there had been a change. We do not see how this thorough assessment of the defendant's assertedly changed condition can be accomplished without the evidentiary hearing called for by the statute. Consequently, we conclude that the statute cannot sensibly be interpreted to allow the court discretionary authority to forego the proceeding.

Ours is not the first circuit to consider the need for § 4241(e) hearings; the three other circuits that have published decisions in analogous cases all hold that trial proceedings may not resume after a finding of incompetence until such a hearing has been held. See United States v. Haywood, 155 F.3d 674, 680-81 (3d Cir. 1998) (remanding for retrospective determination of competency after jury conviction where no request for a § 4241(e) hearing); United States v. Hutson, 821 F.2d 1015, 1018 (5th Cir. 1987) (same where "[t]he district court erred by proceeding to trial without making a second competency determination"); see also United States v. Nevarez-Castro, 120 F.3d 190, 191 (9th Cir. 1997) (vacating conviction

after jury trial where no § 4241(e) hearing held despite motion).[4]

In <u>Haywood</u>, the Third Circuit remanded a jury conviction for a retrospective competency determination, holding that under subsection (e) "the court ha[d] a duty to hold a hearing sua sponte," <u>id.</u> at 680, and concluding that "the integrity of the court's judgment was seriously impaired by the absence of an independent judicial inquiry into [defendant]'s competency." <u>Id.</u> at 681. Subsection (e), the court held, "expressly assumes the existence of an expert opinion that the defendant is competent and nevertheless mandates in no uncertain terms that a hearing be held and a finding made." <u>Id.</u> at 681. Even where it was the same psychiatrist who had initially opined that defendant was incompetent and later changed his mind, the Third Circuit held the subsection (e) hearing was required. <u>See id.</u> ("A trial court might conceivably be justified in proceeding to trial without a hearing when error is confessed and the opinion giving 'reasonable cause' is withdrawn by the psychiatrist for credibly explained reasons."). Because different experts were in conflict here, we have even greater reason to require another competency hearing.

_____

[4]    The only contrary authority is an unpublished Second Circuit opinion.

-11-

Although the Third Circuit did not explicitly conduct a plain error analysis, the Fifth Circuit did in Hutson, holding that defendant's "substantive rights were affected only if she was actually incompetent at the time of trial" and remanding to see whether "[h]er procedural rights may be vindicated by a meaningful retrospective hearing." 821 F.2d at 1018. The Ninth Circuit went a step further, albeit not on plain error review, vacating a conviction after a jury trial even though neither party on appeal referred to § 4241(e). See Nevarez-Castro, 120 F.3d at 191-92.

Our careful study of the Rule 11 transcript reveals no clear indication that the court made a considered determination of competency or that the defendant waived his right to a hearing on that issue. During the colloquy, appellant affirmed that he understood that the doctors from FCI Butner had found him competent. The court, however, did not query whether appellant agreed with the Butner report or wished to contest it. Although the court stated at the conclusion of the colloquy that "the Defendant is fully capable and competent to enter[] an informed plea," it did not expressly find that appellant had "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e).

-12-

Moreover, portions of the plea colloquy suggest that appellant may not have been competent to waive trial and his associated constitutional rights.[5]

The court asked appellant to consult with counsel several times because he did not appear to understand critical parts of the proceeding. For example, appellant initially misunderstood the terms of the plea agreement, believing that it provided for a three-year suspended sentence and a year probation. He denied speaking with his attorney about the sentencing guidelines, even though counsel stated that he had explained them many times. After further elucidating the terms of the plea agreement, the court was forced to recess when appellant responded: "When I signed [the plea agreement], I was not told about the things that I'm being told now."

Even after the recess, appellant exhibited what could be taken as signs of incompetence. When asked to explain what a jury does, he said: "A jury is to plead guilty voluntarily leading to what one has done." When asked whether he agreed with the offense conduct articulated by the prosecutor, appellant responded: "That was what happened if he says so . .

_____

[5]    Appellant never moved pursuant to Fed. R. Crim. P. 32(e) to withdraw his plea.

-13-

. . Well, if they say it, I accept it, because I don't remember what happened on those days when I committed that crime."

Given these lapses evident from the record, we cannot rule out the possibility that appellant was incompetent when he pleaded guilty. In this circumstance, where the colloquy itself suggests appellant may not have been competent, the rationale for a hearing in accordance with subsection (e) is particularly compelling. Because we are not confident that appellant's substantive rights were unaffected, see Fed. R. Crim. P. 52(b); Hutson, 821 F.2d at 1018, we vacate the conviction and remand for a determination of appellant's competency to enter a guilty plea. Under the circumstances of this case -- a conviction on a plea of guilty in which the defendant's competence was not apparent from the colloquy -- we think vacatur is the appropriate remedy, but in other circumstances, such as a conviction after a lengthy jury trial, we might well follow the lead of our sister circuits. See Haywood, 155 F.3d at 680-81; Hutson, 821 F.2d at 1018.

This disposition leaves the district court a choice in how to proceed: it may, after the hearing, conduct a retrospective determination of appellant's competency at the time of his plea, and if found to have been competent, reinstate the conviction; or, if no meaningful retrospective hearing can

be held, it may assess his competency at the time of the subsection (e) hearing, and if defendant is found competent, permit him to replead.  Should appellant be found competent then, he would not be bound by the earlier plea agreement.

The conviction is vacated and the case remanded for proceedings consistent with this opinion.