[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1809

UNITED STATES,

Appellee,

v.

MALCOLM DEDRICK, a/k/a MARK WILSON,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Campbell, Senior Circuit Judge,

and Schwarzer,* Senior District Judge.

---

Jean M. Terranova, on brief for appellant.
Patrick M. Hamilton, with whom Donald K. Stern, United States Attorney, and Jennifer H. Zacks, were on brief, for appellee.

---

* Of the Northern District of California, sitting by designation.

June 12, 2001

**SCHWARZER, <u>Senior District Judge</u>.** Malcolm Dedrick appeals the judgment of conviction and sentence, entered upon his plea of guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a). He raises four issues: (1) that the court erred in sentencing him under the career offender guideline, UNITED STATES SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 4B1.1; (2) that his sentence resulted from ineffective assistance of counsel; (3) that the court erred in failing to hold a competency hearing before accepting his plea; and (4) that counsel's failure to secure a mental health evaluation constituted ineffective assistance of counsel.

### APPLICATION OF THE CAREER OFFENDER GUIDELINE TO DEDRICK

Dedrick pled guilty to two counts of the indictment, charging him with distribution of crack cocaine on two occasions, April 16 and April 30, 1997. Because Dedrick had two prior state felony convictions, the district court sentenced him as a career offender under U.S.S.G. § 4B1.1.

Dedrick's principal argument is that the court erred in treating the prior state offenses as predicates of his criminal history, rather than as relevant conduct. Had the court accepted his Guideline application, he would have avoided application of U.S.S.G. § 4B1.1, which automatically placed him in criminal history category VI instead of IV and increased his offense level. His somewhat tortured argument proceeds from U.S.S.G. § 4A1.2, cmt. n.1

-3-

("Definitions and Instructions for Computing Criminal History"), which states that a "prior sentence" does not include a sentence "for conduct that is part of the instant offense." To bring himself within this provision, Dedrick points to the conspiracy charged in the indictment, which he says was established by stipulation and, under U.S.S.G. § 1B1.2(c) ("Applicable Guidelines"), must therefore be counted as an offense of conviction. As such, it would encompass the drug offenses--the conduct on which the prior state convictions were based--making them relevant conduct, rather than prior convictions for purposes of U.S.S.G. § 4B1.1.

Ingenious as it may be, the argument will not hold water. To begin with, the conspiracy charge was dismissed by the government. The straw at which Dedrick grasps is the parties' stipulation in the plea agreement that the quantity of drugs attributable to Dedrick was between 50 and 150 grams. But this amount, as noted in the district court's meticulous sentencing memorandum, is far in excess of the amounts involved in the offenses to which he pled and for which he was sentenced. Even if the larger amounts in the plea agreement could be said to cover other offense conduct, there is nothing in the agreement or the sentencing proceedings to suggest that Dedrick was treated by the government or the court as having participated in a conspiracy, much less as having stipulated to one. See, e.g., United States v. Collar, 904 F.2d 441 (8th Cir. 1990) (holding that where

defendant stipulated to elements of two robberies dismissed by the government, these offense were properly included in base offense level calculation).

Once the conspiracy argument collapses, Dedrick's attack on the sentence fails. The commentary in the Relevant Conduct guideline, U.S.S.G. § 1B1.3, specifically provides that "offense conduct associated with a sentence that was imposed prior to the acts . . . constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." This guideline clearly precludes treatment of the prior state convictions as relevant conduct in the instant case.

Dedrick contends that to the extent the foregoing argument fails, he was denied the effective assistance of counsel. He argues that counsel was ineffective in advising him to plead to the two distribution counts and failing to ensure that the conspiracy charge was included in the offense stipulation. We ordinarily review ineffective assistance claims in collateral proceedings under 28 U.S.C. § 2255, rather than on direct appeal. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993). We address the claim here, however, because the record is complete and the facts are undisputed.

Dedrick's ineffective assistance claim is without merit. The district judge addressed the very issue in her sentencing

memorandum and concluded that offenses which resulted in sentences prior to the commission of the instant offenses could not be considered related. To the extent counsel advised Dedrick to enter into the agreement to a much higher quantity of drugs than was attributable to him under the offense of conviction, there was no prejudice because the sentence was not based on the stipulated quantity. Nor has Dedrick shown that his sentence would have been lower had he stipulated to a lesser quantity of drugs. Without demonstrating a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, Dedrick's ineffective assistance claim fails. See López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).

## FAILURE TO ORDER A COMPETENCY EXAMINATION

Under 18 U.S.C. § 4241(a) ("Determination of Mental Competency to Stand Trial"), the district court must order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental . . . defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Because no motion was made by Dedrick below, we review for plain error. See United States v. Girón-Reyes, 234 F.3d 78, 80 (1st Cir. 2000).

-6-

Dedrick contends that because the district court knew that he had a "de facto" fifth-grade education and may be "borderline retarded" and observed his confusion when asked whether he wished to change his plea, failure to order a competency hearing was plain error and violated Dedrick's due process rights. For the same reasons, he argues that counsel rendered ineffective assistance by failing to secure a mental health examination.

We disagree. The circumstances described led the district judge to take pains to ensure Dedrick's rights were protected. The judge inquired whether any collateral challenges to the prior convictions were available to the defendant and counsel responded that there were none that could be made. Counsel stated that although Dedrick suffered from some degree of limited intelligence, in discussing the prior convictions, he had assured counsel that he felt he had been advised of his rights and that the proceedings had been proper. When counsel advised the court that Dedrick may be borderline retarded, the judge allowed counsel to consult with him. Counsel then returned with Dedrick and, without further discussion, the plea colloquy proceeded. While at one point, Dedrick showed confusion over whether he wished to change his plea, after conferring with counsel, he continued with the colloquy and responded appropriately to the court's questions. We are satisfied that the district judge, after having been assured by Dedrick's counsel that

-7-

"I don't think he is retarded to a degree that he does not understand the proceedings here," did not abuse her discretion in accepting the plea as knowing and voluntary and not ordering a competency hearing.

We recognize that a mentally retarded person may be capable of understanding the nature and consequences of the proceedings against him and yet be unable to assist properly in his defense. See United States v. Duhon, 104 F. Supp. 2d 663, 666, 671 (E.D. La. 2000). There is no evidence that this is such a case. Dedrick also fails to demonstrate that but for counsel's failure to secure a hearing, the course of the proceedings would have been altered in his favor, e.g., that he would not have pled guilty. See Hernández-Hernández v. United States, 904 F.2d 758, 761 (1st Cir. 1990). Accordingly, there is no basis for finding ineffective assistance for counsel's failure to move for a competency hearing.

**AFFIRMED.**