**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles Lee REDDEN, Defendant—
Appellant.**

No. 02–10046.

D.C. No. CR–00–40103–DLJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2003.*

Decided Nov. 7, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Michael Wang, USO–Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Arthur Pirelli, Esq., Attorney at Law, San Francisco, CA, Charles Lee Redden, pro se, White Deer, PA, for Defendant–Appellant.

Before THOMPSON, TROTT, Circuit Judges, and CALLAHAN, Circuit Judge.

## MEMORANDUM **

Charles Lee Redden appeals from his jury trial conviction for violating 18 U.S.C. § 175 by leaving phone messages threatening that anthrax was released in the air conditioning of the Oakland federal building. Redden contends that the district court erred by failing to order a competency hearing and a psychiatric evaluation, in allowing him to waive his right to counsel and proceed *pro se,* and in instructing the jury on the meaning of threat. We affirm.

### I

■ We conclude that the district court did not err by failing to order a competency hearing. A reasonable judge in the district court's position would not have doubted Redden's competency. *de Kaplany v. Enomoto,* 540 F.2d 975, 983 (9th Cir.1976) (en banc). There is no evidence that Redden was incompetent. Redden actively conducted his own defense, introduced motions to raise insanity and diminished capacity defenses, and was found competent in his prior criminal proceeding in Hawaii.

### II

The district court also did not err in failing to order a psychiatric evaluation. There was no pending motion under Federal Rule of Criminal Procedure 12.2 that would require the district court to order an evaluation. Although the district court could have ordered a psychiatric evaluation *sua sponte,* there is nothing in the record

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to support such discretionary action.[1] Redden filed multiple motions on his own behalf, raised evidentiary objections, cross-examined witnesses, addressed the judge with respectful courtroom demeanor, and otherwise appeared competent during the Oakland proceedings.

## III

■ The district court correctly determined that Redden unequivocally, voluntarily, knowingly, and intelligently waived his right to counsel when he elected to proceed *pro se.*[2] In his first appearance before the magistrate judge, he stated that he wanted to proceed *pro se.* Three days later, Redden told the district court that he intended to represent himself and throughout the proceedings he reiterated that he wished to represent himself. The record as a whole demonstrates that the magistrate judge and district court explained the risks and consequences of self-representation and the charges and possible penalties. Furthermore, the district court in Redden's criminal proceeding in Hawaii had spoken to Redden at length about the consequences of self-representation and Redden had proceeded to represent himself.

## IV

■ Finally, we conclude that the district court instructed the jury properly on the definition of a "threat." The district court gave a supplemental instruction to the jury that a threat is a "declaration made to point out the existence of a danger in a context or under such circum-

stances wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of an intention to inflict death or bodily harm." Redden contends that this definition was improperly extracted from *United States v. Mitchell,* 812 F.2d 1250, 1255–1256 (9th Cir.1987).[3]

The district court's instruction contained a definition of threat that was identical to the definition used in *Planned Parenthood of the Columbia/Willamette,* 290 F.3d 1058, 1076 (9th Cir.2002)(en banc), *cert. denied,* —— U.S. ——, 123 S.Ct. 2637, 156 L.Ed.2d 655. As the district court's definition was consistent with *Planned Parenthood,* the jury was properly instructed.

AFFIRMED.

---

1. The applicable standard of review is for plain error. *United States v. Giron–Reyes,* 234 F.3d 78–79 (9th Cir.2000).

2. Whether waiver was unequivocal, voluntary, knowing, and intelligent is a mixed question of law and fact, to be reviewed de novo.

*United States v. Robinson,* 913 F.2d 712, 714 (9th Cir.1990).

3. The applicable standard of review is for plain error. *United States v. Dorri,* 15 F.3d 888, 891 (9th Cir.1994).