# United States Court of Appeals
## For the First Circuit

No. 02-2075

UNITED STATES OF AMERICA,

Appellee,

v.

ALEXANDER MURIEL-CRUZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]
[Hon. Gustavo A. Gelpi. U.S. Magistrate Judge]

Before

Boudin, Chief Judge,

Selya, Circuit Judge,

and Cyr, Senior Circuit Judge.

Elaine Mittleman, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
H.S. Garcia, United States Attorney, and Sonia I. Torres-Pabón,
Assistant United States Attorney, were on brief for appellee.

June 15, 2005

**CYR, Senior Circuit Judge.** Alexander Muriel-Cruz contends that the district court failed to conduct a proper mental competency hearing prior to accepting his guilty plea to a drug conspiracy charge. See 18 U.S.C. § 4241(e). We affirm.

## I

## BACKGROUND

In August 2000, Muriel-Cruz and eight codefendants were jointly indicted on a single count of conspiring to distribute cocaine. See 21 U.S.C. §§ 841(a)(1), 846. Thereafter, in February 2001, the district court[1] ordered that Muriel-Cruz undergo a pretrial mental competency evaluation at the Federal Medical Center (FMC) in Butner, North Carolina. See 18 U.S.C. § 4241(d).[2] Five

---

[1]A magistrate judge conducted the district court proceedings presently at issue on appeal. For convenience, we refer to the magistrate judge as the "district court," in light of the district judge's subsequent adoption of the recommendations made by the magistrate judge.

[2]Subsection 4241(d) provides in pertinent part:

> If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity

2

months later, the FMC certified in writing that Muriel-Cruz was competent to stand trial, provided he maintained "strict compliance with prescribed medications."

On October 4, 2001, the district court convened a competency hearing. Id. § 4241(e).[3] The court found Muriel-Cruz

---

to permit the trial to proceed; and

(2) for an additional reasonable period of time until –

    (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

    (B) the pending charges against him are disposed of according to law;

whichever is earlier.

18 U.S.C. § 4241(d).

[3]Subsection 4241(e) provides, in pertinent part:

When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. . . . The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in

competent, based upon: (i) the FMC certificate of competency; (ii) defense counsel's representations that she did not dispute the FMC certificate's clinical conclusions; (iii) defense counsel's personal observation that Muriel-Cruz had appeared to her to be mentally astute during their recent consultations; (iv) defense counsel's commitment to notify the court in the event that she perceived any material deterioration in the defendant's mental competency; and (v) the defendant's statement that he "felt very well" since his treatment at the FMC.

In February 2002, the district court conducted a change-of-plea hearing, during which defense counsel (i) reminded the court of Muriel-Cruz's recent psychiatric treatment at the FMC for "drug induced" mental problems, and (ii) opined that Muriel-Cruz was presently competent to enter a plea. The court conducted a thorough colloquy with Muriel-Cruz, whereupon Muriel-Cruz entered

---

which he is hospitalized and shall set the date for trial.

18 U.S.C. § 4241(e). Subsection 4247(d) provides:

At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d).

a guilty plea, which the district court determined to be knowing and voluntary.

During the months following the plea hearing, however, appellant's mental condition temporarily deteriorated after prison officials inadvertently reduced the maintenance dosage of his medications. Thereafter, the scheduled sentencing date had to be continued on two occasions. At a sentencing hearing on July 15, 2002, however, the district court determined Muriel-Cruz competent, then sentenced him to a 60-month term of imprisonment.

Muriel-Cruz now appeals from the district court determinations that he was competent to enter a guilty plea.

## II

### DISCUSSION

Represented by new counsel, Muriel-Cruz now contends that, after receiving the FMC certificate of competency, the district court failed to conduct a hearing which comported with the requirements of subsections 4241(e) and 4247(d). See supra notes 2 & 3.

### A.    Standard of Review

As Muriel-Cruz failed to raise this issue below, we review only for plain error. See United States v. Giron-Reyes, 234 F.3d 78, 80 (1st Cir. 2000) (citing Fed. R. Crim. P. 52(b)). Moreover, we will not reverse unless we perceive, at a minimum, an "'error' that is 'plain' and that 'affect[s] substantial rights.'"

5

United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005) (citation omitted). Even then, we retain the discretion to affirm unless persuaded that the error "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Id. (citation omitted).

## B.    Motion to Supplement Record on Appeal

First, we must consider whether Muriel-Cruz should be permitted to supplement the record on appeal with evidence (e.g., recent psychiatric evaluations suggesting incompetence) that his mental condition seriously deteriorated between the February 2002 plea hearing and the July 2002 sentencing hearing. See Fed. R. App. 10(e).[4]  He contends that the evidence at issue would demonstrate that he never regained competence to stand trial following treatment at the FMC, and that the district court failed to conduct a sufficiently searching inquiry during the October 4 hearing as to whether he was presently competent.

Absent extraordinary circumstances, not present here, we consult only the record extant at the time the district court

---

[4]Rule 10(e) provides:

> If anything material to either party is omitted from or misstated in the record by error or by accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals.

Fed. R. App. P. 10(e).

rendered its decision. See United States v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002) (noting that "'[a] 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court [and] . . . is not a procedure for putting additional evidence, no matter how relevant, before the court of appeals that was not before the district court'").

Further, Muriel-Cruz's mental condition since his February 2002 plea hearing does not undercut the FMC certification that he had regained competence, but at the very most suggests that he may have experienced a subsequent relapse due to an inadvertent and temporary change in his maintenance medications. The narrow issue before us, on the other hand, is whether Muriel-Cruz was competent at the time he entered the guilty plea. With respect to that question, of course, the proffered supplemental record is simply immaterial. Accordingly, we deny the motion to supplement the record pursuant to FRAP 10(e).

## C. **The Adequacy of the October 4, 2001 Hearing under Section 4241(e)**

Muriel-Cruz contends that the district court never conducted a valid § 4241(e) competency hearing, in that the October 4, 2001 hearing was inadequate because (i) the court relied upon the personal opinions of the prosecutor and defense counsel – neither of whom is a qualified psychiatric professional – as evidence of Muriel-Cruz's competency; (ii) the court never rendered

7

an explicit finding that Muriel-Cruz was competent; and (iii) the district court and defense counsel stated that Muriel-Cruz had "waived" a § 4241(e) hearing.

Not only can we ascertain no plain error, we are unable to discern what additional actions reasonably could have been expected of the district court under § 4241(e). Upon its receipt of the FMC certificate, the district court duly notified the parties that it would convene a competency hearing on October 4, see Giron-Reyes, 234 F.3d at 80 (holding that § 4241(e) mandates that district court hold a hearing after receipt of a § 4241(e) certificate), thereby affording them an adequate opportunity to review the certificate, to determine whether they intended to contest its findings, and whether to invoke Muriel-Cruz's statutory due-process rights "to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing," 18 U.S.C. § 4247(d).

At the hearing, the district court did not rely exclusively upon counsels' opinion as to appellant's competency. The parties were presented with uncontroverted documentary evidence of Muriel-Cruz's current competency in the form of the FMC certificate, which contained the clinical opinion of the FMC's psychiatric personnel. Subsection 4241(e) certificates unquestionably constitute competent evidence of a defendant's mental condition. See, e.g., United States v. Barnes, 30 F.3d 575,

8

576 (5th Cir. 1994) ("The district court held a competency hearing . . . and found the defendant competent based on the [§ 4241(e)] forensic report."); see also United States v. General, 278 F.3d 389, 398 (4th Cir. 2002) (noting that, in making a competency determination, "the [FMC] report is entitled to significant weight because it is the most recent and comprehensive evaluation [of defendant's mental condition]"). Neither the prosecutor nor defense counsel objected to the medical conclusions reported in the FMC certificate. Notwithstanding defense counsel's opinions, therefore, the district court had independent evidence of Muriel-Cruz's competency: the FMC certificate.

Nor is there any basis for the contention that the district court could not also consider other indicia of Muriel-Cruz's competency. In arriving at a competency ruling, the district court may rely upon various kinds of evidence, including written medical opinions and observations by the court, counsel, and defendant himself regarding the defendant's demeanor and fitness to stand trial. See, e.g., United States v. Boigegrain, 155 F.3d 1181, 1189-90 (10th Cir. 1998); United States v. Nichols, 56 F.3d 403, 411 (2d Cir. 1995); United States v. Collins, 949 F.2d 921, 926 (7th Cir. 1991); United States v. Hoyt, 200 F. Supp. 2d 790, 793 (N.D. Ohio 2002). Given that defense counsel enjoys a unique vantage for observing whether her client is competent, see Collins, 949 F.2d at 926 (noting that defense counsel and defendant

9

are often the two parties "most familiar" with the facts pertinent to this issue), it would be untoward indeed to disqualify her from stating her opinion, particularly since competency means that "a defendant must be able to understand the proceedings against him and have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." Giron-Reyes, 234 F.3d at 80 (emphasis added). Here, defense counsel assured the court that Muriel-Cruz had demonstrated an ability to aid in and to comprehend his defense. The district court reasonably accepted this as corroboration of the conclusions reached in the FMC certificate, and requested defense counsel to notify the court in the event she were to perceive any material deterioration in the appellant's mental competency. Finally, the district court heard Muriel-Cruz's own admission that he "felt very well" after being treated at the FMC, and the record discloses no other behavior by Muriel-Cruz during the hearing which could have cast any serious doubt as to his competency.

Thus, the district court accorded the parties notice of the competency hearing, and an opportunity to adduce any evidence which might contradict the finding of competency contained in the FMC certificate. As the FMC certificate provided independent evidence of competency, Muriel-Cruz's argument – that the court improperly relied solely upon defense counsel's non-expert opinions as to his mental competency – plainly fails.

10

It is noteworthy that Muriel-Cruz has not claimed that the court had an independent duty under subsection 4241(e) to summon and question its own expert medical witnesses to verify the conclusions reached in the FMC certificate. No such authority exists, either in the statute or in the case law. Subsections 4241(e) and 4247(d) plainly contemplate that the issue of defendant's competency vel non is to be resolved through the normal workings of the adversarial process, and there is no reason to suppose that defense counsel would act contrary to the interests of an incompetent client by failing to contest the conclusions of a subsection 4241(e) certificate. Cf. Giron-Reyes, 234 F.3d at 80-81 ("[T]here is no reasonable cause to hold an initial [§ 4241(d)] competency hearing where 'all the information from the [examining] psychiatrist, the defense counsel and the judge [from a plea colloquy] [is] in agreement.'") (citation omitted); cf. also United States v. Denkins, 367 F.3d 537, 546 (6th Cir. 2004) ("We know of no authority, and Defendant has not cited any, for the proposition that [§ 4241(d)] mandates a hearing even when there is no prospect of meeting the statutory standard of incompetency. Defendant and his counsel evidently concluded that this standard could not be satisfied, and the district court was not obligated to press forward despite Defendant's abandonment of the issue."). Although subsection 4241(e) – unlike subsection 4241(d) – mandates a hearing, see Giron-Reyes, 234 F.3d at 80, both sections leave the

11

decision whether to contest competency primarily to the government and to defense counsel.

Second, Muriel-Cruz urges that the October 4 hearing was not valid under subsection 4241(e) because the court made no final finding of fact that he was competent. Quite the contrary, the magistrate judge concluded the hearing by unequivocally recommending to the district judge a finding of fact that Muriel-Cruz was competent to stand trial. At oral argument on appeal, appellant's counsel contended that the district court failed to enter findings that Muriel-Cruz presently understood the proceedings against him and had sufficient capacity to consult with counsel. Counsel cited neither case authority nor sound reason for requiring a court to parse the definition of "competency," and arrive at specific findings as to each component.

Finally, we reject the contention that the October 4 hearing could not have been a subsection 4241(e) hearing given that the magistrate and defense counsel stated that Muriel-Cruz had "waived" the hearing. Instead, viewed in context the statements advert not to the fact that no compliant hearing had been conducted, but that the defense had waived its due-process right "to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). Nothing in the record on appeal remotely indicates that the district court imposed any

12

impediment to the defense decision as to whether or how to contest Muriel-Cruz's competency at the October 4 hearing. The term "waiver" simply described the relevant reality: defense counsel chose not to exercise these § 4247(d) rights. In no sense does this alter the fact that the district court did conduct a subsection 4241(e) hearing.

As the district court assiduously adhered to both the letter and the spirit of subsection 4241(e), we perceive no error whatever in the district court proceedings, let alone plain error.

**<u>Affirmed</u>**.