# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2012

No. 10-30735,
consolidated with
No. 11-30959

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAWRENCE HUMPHREY,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-cr-20101

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Lawrence Humphrey appeals his sentence for several unlawful firearm possession convictions. He argues that the district court erred by failing to hold an evidentiary hearing regarding his competency to be sentenced after he completed pre-sentencing mental health treatment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30735, consol'd with No. 11-30959

Humphrey also contends that his sentence is procedurally and substantively unreasonable. For the following reasons, we affirm Humphrey's sentence.

## BACKGROUND

Humphrey was indicted on two counts of possessing a firearm as a felon in violation of 18 U.S.C. §922(g) and one count of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §922(k). His defense counsel successfully moved to have Humphrey undergo a psychiatric examination to determine his competency. In March and April 2008, Humphrey was examined by a psychologist who concluded that Humphrey was unable to understand the nature of the criminal proceedings and to assist in his own defense. In June 2008, the district court, without holding a hearing, declared Humphrey incompetent to stand trial and ordered him committed to a hospital for mental health treatment under 18 U.S.C. § 4241(d). In May 2009, the acting warden of the facility where Humphrey was being treated filed a Certificate of Restoration of Competency to Stand Trial attesting to Humphrey's competency and attaching a psychiatric report as support. *See* 18 U.S.C. § 4241(e).

In July 2009, Humphrey appeared at his arraignment and entered a plea of not guilty; he was later ordered detained pending trial. On December 8, 2009, the district court set a date for a competency hearing. Defense counsel had another psychiatric evaluation performed, and in February 2010, that doctor submitted his report to the court concluding that Humphrey understood the charges and the criminal proceedings, would be able to rationally consult with counsel, and could assist counsel in preparing a defense. The district court then cancelled the competency hearing at the parties' mutual request. Prior to the beginning of trial, defense counsel indicated that Humphrey was competent to proceed. Upon completion of the trial, the jury convicted Humphrey on all three counts of the indictment.

No. 10-30735, consol'd with No. 11-30959

At a sentencing hearing on August 4, 2010, defense counsel requested that the district court order that Humphrey's sentence be served in a facility where Humphrey could receive treatment for mental health problems. Counsel acknowledged that he should have briefed the issue of sentencing Humphrey to medical treatment under 18 U.S.C. § 4244.[1] The court explained that it would sentence Humphrey at the hearing, but instructed counsel to file a motion and commented that it would later amend the sentence. The court imposed two consecutive 120-month prison terms along with a concurrent 60-month prison term.

On August 11, 2010, the district court entered a judgment reflecting the 240-month total prison sentence. That same day, defense counsel filed a "Memorandum Regarding Application of 18 U.S.C. § 4244," which asserted that Humphrey suffered from a mental disease or defect, specifically that he had an IQ of 71 and experienced "severe psychosis and mental problems when suffering the effects of PCP usage." It also asserted that Humphrey required "access to routine medical and mental health care." Counsel stated that a hearing was unnecessary and requested that the district court sentence Humphrey to mental health treatment under § 4244(d). On August 17, 2010, the district court vacated its prior judgment and sentenced Humphrey to a provisional 240-month sentence under § 4244(d), ordering the Attorney General to place Humphrey in a "suitable facility for care and treatment."

---

[1] *See* 18 U.S.C. § 4244(a) ("A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.").

No. 10-30735, consol'd with No. 11-30959

The next year, on July 15, 2011, the district court received a letter from the warden at the medical facility where Humphrey was receiving care, explaining that the staff was of the opinion that Humphrey "should discontinue with inpatient psychiatric treatment." The warden attached a "mental status update" supporting this view. In September 2011, the court held a joint sentencing and competency hearing. It determined that the report, to which Humphrey did not object, established that Humphrey was competent to be sentenced.

During the sentencing phase of the hearing, the district court once again imposed a sentence of 120 months on each of the two counts of possessing a firearm as a felon, to run consecutively, and a 60 month term on the count of possessing a gun with an obliterated serial number, to run concurrently with the other two sentences. The court also imposed a three-year term of supervised release.

The district court entered judgment on November 3, 2011. Humphrey timely appealed.

## STANDARD OF REVIEW

As Humphrey concedes that he did not raise below his present argument regarding the district court's failure to hold a competency hearing prior to the final sentencing, we review that issue for plain error.[2] We review Humphrey's final sentence itself for reasonableness. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). In determining whether the district court arrived at a reasonable sentence, we must first decide whether the district court committed any procedural errors and then analyze whether the

---

[2] The government argues that Humphrey induced the district court's purported error in failing to hold a hearing, such that we should only review under the even more deferential "manifest injustice" standard for invited errors. *See, e.g.*, *United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010); *United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001). Because we conclude that Humphrey's claim lacks merit even under the plain error standard, we need not determine whether the invited error doctrine applies to these circumstances.

4

No. 10-30735, consol'd with No. 11-30959

sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Humphrey failed to adequately preserve his arguments regarding procedural reasonableness below, we review those claims only for plain error. As he did preserve his challenge regarding substantive reasonableness, we review that claim for abuse of discretion. *See United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009).

## DISCUSSION

### I.    Competency Hearing

18 U.S.C. § 4241(e) sets forth the procedure for determining whether a defendant previously hospitalized as incompetent has regained competency. The process is triggered when the director of the facility where the defendant is hospitalized certifies to the court that the defendant has gained the ability to understand the nature and consequences of the proceedings and assist in his defense. 18 U.S.C. § 4241(e). Then, "[t]he court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant." *Id.* Under § 4247(d), the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *Id.* § 4247(d). The court is directed to order the defendant's discharge from the facility and schedule further proceedings "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant" is competent to proceed. *Id.* § 4241(e). Humphrey argues that the district court committed plain error by failing to hold the hearing prescribed by these provisions, despite the fact that the defense agreed that Humphrey had regained competency to proceed.

We conclude that, even assuming arguendo that the district court erred by failing to hold a competency hearing, Humphrey cannot meet the standard for reversal under plain error review. There are "four requirements for reversing a trial court based upon plain error review: (1) 'there must be an error or defect

5

No. 10-30735, consol'd with No. 11-30959

— some sort of [d]eviation from a legal rule — that has not been intentionally relinquished or abandoned'; (2) 'the legal error must be clear or obvious, rather than subject to reasonable dispute'; (3) 'the error must have affected the appellant's substantial rights'; and (4) 'if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Even assuming that Humphrey can satisfy the first prong, he cannot satisfy the second or third. As to the second prong, Humphrey has not demonstrated that the district court committed an error that was "clear or obvious, rather than subject to reasonable dispute." *See id.* In *Hutson*, this court held that a district court had "erred by proceeding to trial without making a second competency determination" under 18 U.S.C. § 4241(e) where the defendant had been "adjudged incompetent and committed to [a] federal correctional facility . . . for psychological evaluation and treatment" but was then certified by a treating psychiatrist to be "competent to stand trial." *Hutson*, 821 F.2d at 1017-18. However, neither in *Hutson* nor in any other case have we addressed the issue of whether it is error for a district court to fail to hold a § 4241(e) competency hearing where defense counsel agrees that the defendant has recovered competency and that a hearing need not take place. In addressing an analogous question, the First Circuit has indicated that it is not error for a district court to decline to hold a pre-trial competency hearing after a defendant has been hospitalized where the defense concedes that the defendant has regained competency and agrees that no hearing is necessary. *See United States v. Muriel-Cruz*, 412 F.3d 9, 14 (1st Cir. 2005) ("Subsections 4241(e) and 4247(d) plainly contemplate that the issue of defendant's competency *vel non* is to be

6

No. 10-30735, consol'd with No. 11-30959

resolved through the normal workings of the adversarial process, and there is no reason to suppose that defense counsel would act contrary to the interests of an incompetent client by failing to contest the conclusions of a subsection 4241(e) certificate. . . . Although subsection 4241(e) . . . mandates a hearing, [it] leave[s] the decision whether to contest competency primarily to the government and to defense counsel." (citations omitted)).  Humphrey has not shown that the district court's failure to hold a competency hearing under the circumstances here amounted to plain error.

Nor has Humphrey demonstrated any effect on his substantial rights.  "To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings." *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012).  In *Hutson*, we explained that even where a "district court err[s] by proceeding to trial without making a . . . competency determination" under 18 U.S.C. § 4241(e), "[t]his failure does not[] [automatically] mandate reversal of the conviction," and that a defendant's "substantive rights [are] affected [by such error] only if [the defendant] was actually incompetent at the time of trial." *Hutson*, 821 F.2d at 1018 (citations omitted).  In this appeal, Humphrey has not even suggested that he was incompetent at the time he was sentenced, let alone demonstrated as much.

Accordingly, Humphrey has failed to establish that the district court's failure to hold a competency hearing prior to his final sentence warrants reversal.

## II.    Reasonableness of the Final Sentence

Humphrey also argues that his final sentence was procedurally and substantive unreasonable.    With respect to procedural reasonableness, Humphrey argues that the district court: (1) incorrectly calculated the sentencing range under the U.S. Sentencing Guidelines by improperly imposing two "recency points" on Humphrey's criminal history score for committing the

7

No. 10-30735, consol'd with No. 11-30959

crimes less than two years after being released from prison, in contravention of an amendment to the Sentencing Guidelines, in effect at the time the final sentence, which eliminated the "recency points" provision; and (2) improperly applied an upward departure from the guidelines range because it failed to perform the procedure set out in Sentencing Guidelines § 4A1.3(a)(4)(A) by failing to incrementally move across the sentencing table until it found an appropriate criminal history category. As noted above, we review Humphrey's procedural reasonableness claims for plain error.[3]

In doing so, we need not decide whether the district court committed error in calculating the guidelines range because, even if it did, Humphrey cannot show that his substantial rights were affected. Even where a district court miscalculates the guidelines range, the error does not affect the defendant's substantial rights unless the defendant can show a reasonable probability that, but for the district court's error, he would have received a lower sentence. *United States v. Cantu-Ramirez*, 669 F.3d 619, 630 (5th Cir. 2012), *cert. denied*, 2012 WL 1715991. Though the district court noted that it took into account Humphrey's history and characteristics and the need for deterrence and to protect the public, it emphasized its view that Humphrey's criminal history category substantially underrepresented the seriousness of his criminal history

---

[3] To preserve a claim for full review on appeal, counsel must raise the issue "in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review." *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011). Here, Humphrey's attorney stated that Humphrey should not be assessed two points for having committed the offense *while on parole*; counsel made no mention of points assigned for having committed the offense less than two years after release from prison. Specifically, counsel stated: "The other new objection is that Mr. Humphrey in paragraph 43 is the calculation of his criminal history. He received two points because the instant offense was committed while he was still serving a parole sentence, and it is his position that is not the law anymore." Humphrey's counsel did not articulate an objection to the imposition of the two recency points or the fact that the pertinent guidelines provision had been deleted. Thus, counsel failed to give the district court an opportunity to address the claimed error Humphrey now raises on appeal. Nor did counsel make any objection regarding the district court's procedure in applying the departure.

and the likelihood that he would commit future crimes. The district court imposed the statutory maximum sentences on both felon-in-possession counts, to run consecutively, despite the fact that this sentence was significantly above the guidelines range. Moreover, when the district court imposed the first sentence — before vacating that judgment and imposing the provisional sentence — the district court likewise imposed a 240-month sentence, despite its apparent mistaken belief at that time that Humphrey had a lower criminal history score under the guidelines than he in fact did. For these reasons, Humphrey has not demonstrated a reasonable probability that the court would have imposed a more lenient sentence had the guidelines range been lower. *See Cantu-Ramirez*, 669 F.3d at 630.

Humphrey also argues that the district court failed to follow the procedure set out in Sentencing Guidelines § 4A1.3(a)(4)(A) by not incrementally moving across the sentencing table until it found an appropriate criminal history category. However, this court has explained that it does not "require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects." *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc). Here, the district court's statement of reasons for the final sentence indicated that, inter alia, "[t]he upward departure is based upon the facts that the defendant's criminal history category substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes in the future" and that "[t]he defendant has a criminal history dating back to when he was 12, most of the offenses involving weapons." Moreover, given the district court's repeated imposition of an above-guidelines 240-month sentence based on its assessment that Humphrey's criminal history category understated his past criminal conduct and need for deterrence, Humphrey has not "demonstrate[d] a reasonable probability that his sentence would have been lower" had the

No. 10-30735, consol'd with No. 11-30959

district court more explicitly set forth its reasons for rejecting possible lower sentences. *See Cantu-Ramirez*, 669 F.3d at 630.

With respect to the substantive reasonableness of the final sentence, the government concedes that Humphrey preserved his argument below. Thus, we review for abuse of discretion. Humphrey argues that the district court erred in concluding that his criminal history category understated his prior criminal conduct because his juvenile offenses did not warrant an upward variance or departure. However, this court has previously explained that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence," and that in making this determination, a district court may appropriately consider "juvenile adjudications not accounted for by the Guideline sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Humphrey's other arguments as to substantive unreasonableness amount to contentions that the district court should have differently weighed the sentencing factors or placed less emphasis on certain aspects of Humphrey's past misconduct. However, the Supreme Court has explained that "appellate court[s] . . . must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* Accordingly, Humphrey has not demonstrated that his sentence was substantively unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM Humphrey's sentence.

10